**Jo Ann FOUTTY, Plaintiff,**

v.

**EQUIFAX SERVICES, INC., A DIVISION OF EQUIFAX, INC., Defendant.**

**Civ. A. No. 90–2168–0.**

United States District Court, D. Kansas.

April 5, 1991.

**296**

Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for plaintiff.

Lori R. Schultz–Biggins, A. Bradley Bodamer, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss. Because both parties have presented matters outside the pleadings for the court's consideration, the court will treat the motion as one for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Plaintiff Jo Ann Foutty (Foutty) brings this action pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* (Count I), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count II), alleging discrimination on the basis of age and sex in her employment with the defendant, Equifax Services Inc. (Equifax). Foutty also alleges a common law cause of action for breach of an implied contract of employment (Count III). Equifax argues for dismissal of the federal claims on jurisdictional grounds since Foutty failed to file a timely charge of discrimination with the Kansas Commission on Civil Rights (KCCR) or the Equal Employment Opportu-

nity Commission (EEOC). For the following reasons, defendant's motion is granted.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Graves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The parties agree that the filing of a timely charge of discrimination with the proper administrative agency is a prerequisite to filing both a Title VII and ADEA action in federal court. *Carter v. Sedgwick County,* 705 F.Supp. 1474, 1477 (D.Kan.1988). In a "deferral" state such as Kansas, a complainant has 300 days from the alleged discrimination in which to file an administrative complaint with the EEOC. If, as in the case at bar, the charge is to be initially processed by the EEOC, pursuant to a work-sharing agreement be-

tween the EEOC and the state, then any filing within the 300 day limit would be timely. If, however, the initial processing is done by a state agency, the EEOC may not process the complaint before the expiration of 60 days from the date the charge was filed, unless the state agency terminates its proceedings earlier. In that situation, a complainant must file his charge with the state agency within 240 days of the action complained of to ensure that the EEOC will retain jurisdiction over the claim, should the state proceeding take longer than 60 days. 42 U.S.C. § 2000e–5, 29 U.S.C. § 626(d); *Equal Employment Opportunity Commission v. Commercial Office Prods. Co.*, 486 U.S. 107, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

■ Here, Foutty filed her Charge of Discrimination with the EEOC on February 5, 1990, alleging as the sole basis for her claim that she was discriminated against when she was discharged from her employment on November 7, 1988. Foutty, of course, does not contend that her filing of the EEOC charge 456 days after the occurrence of the alleged discriminatory act was timely. Instead, she asserts that the court should apply equitable considerations to toll the applicable statute of limitations. Defendant counters that the facts of this case do not justify the application of equitable tolling. We agree.

■ It is the general rule that the doctrine of equitable tolling may be applied to Title VII and ADEA cases under certain circumstances. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the time limits for filing a charge under Title VII are not jurisdictional, but are prescribed time periods in the nature of statutes of limitations that can be tolled for

equitable reasons. *Id.* at 395 n. 11, 102 S.Ct. at 1133 n. 11, citing H.R.Conf.Rep. No. 95–950, p. 12, U.S. Code Cong. & Admin.News 1978, pp. 504, 534 ("the 'charge' requirement is not a jurisdictional prerequisite to maintaining an action under the ADEA and [that] therefore equitable modification for failing to file within the time period will be available to plaintiffs under this Act").[1]

In *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (per curiam), *reh'g denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984), the Supreme Court provided guidance for determining when equitable tolling should be applied in discrimination cases. Specifically, equitable tolling may be appropriate where

a claimant has received inadequate notice, ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Id.* 466 U.S. at 151, 104 S.Ct. at 1725–26 (citations omitted). Here, Foutty asserts that defendant's affirmative misconduct lulled her into the delayed filing and relies for this assertion on correspondence which took place between her attorney, Richard Merker, and counsel for Equifax, Richard Goerss, between June 5, 1989, and December 7, 1989. During this period, numerous letters were exchanged between the attorneys, the primary purpose of which was the exploration of the possibility of settlement. In nearly each letter, Foutty's attorney referred to the urgency of reaching agreement before it became necessary for Foutty to file a claim with the EEOC.[2] Although Goerss asked for Merker's "patience and understanding" in not taking

---

1. While *Zipes* is a Title VII case, the Tenth Circuit has consistently applied Title VII filing requirements to cases brought under the ADEA. *Bruno v. Western Electric Co.*, 829 F.2d 957, 960 (10th Cir.1987).

2. The details of the correspondence are as follows:

On June 5, 1989, Merker wrote Equifax, notifying the company of Foutty's claim, with the intention of effecting a settlement "prior to having Mrs. Foutty file a formal complaint with the Equal Employment Opportunity Commission." Goerss responded on June 13, 1989, stating that he would examine the case and respond by July 1, 1989. In his next letter dated July 7, 1989,

any further action until Equifax reached a decision on Foutty's settlement proposal, he at no time made any promise that settlement would be forthcoming. Further, and most important for our determination here, when negotiations broke down on December 7, 1989, Foutty inexplicably waited an additional two months before filing her charge with the EEOC on February 5, 1990.

On the basis of these facts, we cannot agree with Foutty that the willingness of Equifax to pursue informal settlement negotiations amounted to affirmative conduct intended to lull her into inaction. Clearly, this is not a case where the plaintiff, through no fault of his or her own, was unaware of the cause of action. *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988) ("Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action."); *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir.1985) ("[T]he essence of the doctrine is that a statute of limitations does not run against a plaintiff who is unaware of his cause of action.") (internal quotation marks omitted).

After reviewing the Tenth Circuit's equitable tolling cases, one common theme is discernable: a plaintiff must allege some affirmative conduct which is objectively misleading. *See Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir.1984) (equitable tolling applied where EEOC notice did not clearly differentiate between remedy of right to sue and right to reopen agency proceedings and plaintiff was unrepresented by counsel); *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 858–59 (10th Cir.1983) (plaintiff allowed to toll Title VII's 180–day limitations period for filing charge with EEOC because letter from court clerk misled plaintiff into filing late); *Carlile v. South Routt School District RE–3J*, 652 F.2d 981, 986 (10th Cir.1981) (equitable tolling allowed where district court order led plaintiff into a late filing); *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir.1979) (time limits contained in cases of discrimination will be tolled only where the circumstances of the case rise to a level of "active deception" sufficient to invoke the powers of equity).

In cases involving the pendency of settlement negotiations, the requisite affirmative conduct by the defendant is most often a definite promise of settlement. *See United States v. Reliance Insurance Co.*, 436 F.2d 1366 (10th Cir.1971) (applying doctrine of equitable estoppel to toll statute of limitation in Miller Act case where defendant actively assured plaintiff of settlement); *see also Atkins v. Union Pacific R. Co.*, 685 F.2d 1146 (9th Cir.1982) (tolling applied where defendant tells plaintiff he intends to settle dispute over termination).[3]

Applying the rationale of these cases to the facts before us, we find Foutty has failed to raise an issue of triable fact with respect to Equifax's alleged deceitful or

Goerss stated that he would respond in detail by July 20, 1989, and that "from a preliminary review of this situation, it would appear to be in the best interest of all concerned that this matter be amicably resolved." Merker's July 31, 1989, response included a demand for a lump sum settlement, which if not accepted by August 16, 1989, "[would be] withdrawn and Mrs. Foutty will proceed with her complaint before the Equal Employment Opportunity Commission." When Goerss did not respond, Merker, writing on August 23, 1989, stated he assumed the offer was unacceptable and that Mrs. Foutty should "proceed with the filing of her Complaint with the Equal Employment Opportunity Commission." Goerss did, in fact, respond, asked for Merker's "patience and understanding in not taking further action until we have had a chance to respond [to the settlement offer]," and

stated he would respond by September 15, 1989. Merker replied on August 30, 1989, that he would agree to the September 15, 1989, deadline despite the fact that Foutty "has not even filed a Complaint with the [EEOC], which, under the law, we must do prior to requesting and obtaining a right to sue letter. On September 14, 1989, Goerss responded with an alternative offer of settlement for a lesser amount. Merker rejected this offer on October 13, 1989 and despite further communication in November 1989, negotiations broke down on December 7, 1989.

3. For further examples of the type of misconduct held sufficient to invoke equitable tolling, see *Heideman v. PFL, Inc.*, 710 F.Supp. 711, 718 n. 13 (W.D.Mo.1989), *aff'd*, 904 F.2d 1262 (8th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991).

misleading conduct and conclude that this case is not an appropriate one for application of equitable tolling. A careful reading of the correspondence in question demonstrates that (1) throughout the negotiations period, Foutty was well aware of the need to file a charge with the EEOC; (2) beyond indicating a willingness to explore settlement, Equifax neither affirmatively promised to settle the case nor attempted to prevent Foutty from filing her EEOC charge; and, most importantly, (3) Foutty delayed an additional two months in filing her charge after receiving Equifax's final letter refusing settlement. Under these facts, the court concludes that equitable tolling is unwarranted and, accordingly, grants defendant's motion.[4]

Turning to plaintiff's pendent state claim for breach of an implied contact of employment, the court notes that there is no diversity of citizenship in this case. Since the court has granted defendant's motion to dismiss plaintiff's only federal claims, no federal question remains as a basis for jurisdiction. Accordingly, the court will exercise its discretion with respect to the pendent claim and will order this claim dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Maritan v. Birmingham Properties*, 875 F.2d 1451, 1460 (10th Cir.1989); *Central Nat'l Bank v. Rainbolt*, 720 F.2d 1183, 1187 (10th Cir.1983).

IT IS THEREFORE ORDERED that defendant's motion to dismiss Counts I and II (Doc. #9) is granted.

IT IS FURTHER ORDERED that plaintiff's state-law based claim (Count III) is dismissed.

---

4. Although Foutty may be correct in arguing that Equifax suffered no prejudice since it was notified of her claim within the limitations period, the court notes that although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply, *after a factor that might justify such tolling is identified*, it is not an independent basis for invoking the doctrine.... *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam) (emphasis supplied). The court also finds Foutty's reliance on *Leake v. University of Cincinnati*, 605 F.2d 255 (6th Cir.1979) misplaced, since in *Leake*, the informal settlement negotiations included an unequivocal agreement by the defendant not to allow the time necessary for investigation to prejudice plaintiff's rights with respect to the statute of limitations.