**Jo Ann FOUTTY, Plaintiff,**

v.

**EQUIFAX SERVICES, INC., A DIVISION OF EQUIFAX, INC., Defendant.**

Civ. A. No. 90–2168–0.

United States District Court,
D. Kansas.

May 7, 1991.

Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for plaintiff.

Lori R. Schultz–Biggins, A. Bradley Bodamer, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on plaintiff's motion to alter or amend judgment and/or to reconsider the court's order of April 4, 1991, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff filed this action pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, *et seq.* (Count I) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Count II), alleging discrimination on the basis of age and sex in her employment with the defendant Equifax Services, Inc. (Equifax). Foutty also alleged a common law cause of action for breach of an implied contract of employment (Count III). On April 4, 1991, this court granted defendant's motion for summary judgment on the basis that plaintiff failed to file a timely charge of discrimination with the Kansas Commission on Civil Rights (KCCR) or the Equal Employment Opportunity Commission (EEOC).[1] 762 F.Supp. 295. For the following rea-

---

1. The court converted plaintiff's motion to dismiss to a motion for summary judgment pursu-
ant to Rule 12(b) of the Federal Rules of Civil Procedure.

sons, the court grants plaintiff's motion to reconsider.[2]

■ It is the general rule that a motion to reconsider is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position, the facts or the law, or mistakenly has decided issues outside of those the parties presented for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd*, 770 F.2d 98 (7th Cir.1985).

■ In her memorandum in response to defendant's for summary judgment, plaintiff did not dispute that she filed her Charge of Discrimination with the EEOC 456 days after the alleged act of discrimination occurred, long after the statute of limitations had expired. *See* 42 U.S.C. § 2000e–5, 29 U.S.C. § 626(d). While conceding the untimeliness of her filing, Foutty urged the court to apply equitable considerations to toll the limitations period. It was undisputed that during settlement negotiations, defendant's attorney coupled continual requests for more time to respond to plaintiff's offers of settlement with statements that he would like the matter to be "amicably resolved." Foutty argued that these acts constituted affirmative conduct intended to mislead her and lull her into inaction. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (*per curiam*), *reh'g denied*, 467 U.S. 1231, 104 S.Ct. 2691, 81 L.Ed.2d 885 (1984) (specifying circumstances appropriate for the application of equitable tolling). The court rejected Foutty's position on the grounds that defendant made no promise of settlement to Foutty and

most important for our determination here, when negotiations broke down on

December 7, 1989, Foutty inexplicably waited an additional two months before filing her charge with the EEOC on February 5, 1990.

*Foutty v. Equifax Services, Inc.*, 762 F.Supp. 295, 298 (D.Kan.1991).

At the time the court made this ruling, however, the court was unaware that, shortly after negotiations broke down on December 7, 1989, plaintiff in fact attempted to file her complaint with the EEOC. Foutty has now presented the court with affidavits and exhibits demonstrating that, after the EEOC erroneously refused to accept her Complaint, Foutty's counsel intervened on January 23, 1990, and subsequently, the Complaint was filed on February 5, 1990. Under these circumstances and considering the facts in the light most favorable to Foutty, as we are required to do on summary judgment, *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985), the court finds that Foutty has raised genuine issues of material fact as to whether Equifax' conduct was sufficient to toll the statute of limitations. Accordingly, the court grant's plaintiff's motion.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. # 62) is granted.

IT IS FURTHER ORDERED that the clerk reopen the case and refer the proceedings to the magistrate for discovery.

---

**2.** Since the court has determined oral argument on this motion would not be helpful, the court denies plaintiff's request for such argument (Doc. # 64). Local Rule 206(d).