**John D. CALLAN, Plaintiff,**

v.

**PEPSI–COLA BOTTLING CO. OF TOPEKA, INC., LinPepCo Corp., Don Hogue, and Fern Hogue, Defendants.**

No. 91–4101–S.

United States District Court, D. Kansas.

Aug. 26, 1992.

Robert M. Telthorst, Bibler & Telthorst, P.A., Topeka, Kan., for plaintiff.

K. Gary Sebelius, Catherine A. Walter, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., Robert F. Rossiter, Jr., Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's amended motion to dismiss [1] the remaining cause of action by the plaintiff, John D. Callan, against defendant Pepsi–

---

1. The original motion to dismiss (Doc. 21) was amended to comply with D.Kan.Rule 404(c).

Cola Bottling Co. of Topeka, Inc.[2] Plaintiff's claim alleges a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, contending that he was terminated from employment by the defendant due to his age.

Defendant Pepsi–Cola Bottling Co. of Topeka, Inc. ("Pepsi–Cola") seeks dismissal of the plaintiff's claim pursuant to Fed. R.Civ.P. 12(b)(1) for lack of jurisdiction over the subject matter and 12(b)(6) for failure to state a claim upon which relief can be granted. Because the parties have submitted materials beyond the pleadings for the court's consideration, the defendant's motion to dismiss for failure to state a claim upon which relief can be granted is properly characterized as a motion for summary judgment and disposed of as provided in Rule 56. *See* Fed.R.Civ.P. 12(b).

Under Fed.R.Civ.P. 56(c), the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir. 1985). A "genuine" issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party has the burden of showing the absence of a genuine issue of material fact. This burden may be discharged by showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a

properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

## JURISDICTION AND VENUE

Plaintiff's only remaining cause of action alleges a violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTS

For the purpose of deciding this motion, the court finds the following facts to have been established.

John D. Callan, the plaintiff, was born February 23, 1929. In 1975, he accepted a position with Pepsi–Cola, the defendant, as its sales manager. The plaintiff satisfactorily carried out the duties of this position from 1975 until June 15, 1989, when he vacated his office at the request of his employer.

On April 21, 1989, plaintiff and other management employees of Pepsi–Cola were informed that Pepsi–Cola had been sold to the LinPepCo Corporation of Nebraska, originally a defendant in this action. On that date the previous owners of Pepsi–Cola, Don and Fern Hogue, presented the plaintiff and other management staff with

---

**2.** By stipulation of the parties, this court previously dismissed without prejudice each of the plaintiff's claims against defendants LinPepCo Corp., Don Hogue, and Fern Hogue. Subsequently, plaintiff filed a motion for oral argument on the defendant's motion to dismiss. The

court finds that oral argument on the defendant's motion would not materially assist in resolution of the issues raised by the parties. Plaintiff's motion for oral argument (Doc. 63) is therefore denied. See D.Kan.Rule 206(d).

"employment agreements," and asked the employees to sign them immediately. Plaintiff expressed concern that terms of the agreement were unclear, and asked if he would be permitted to consult with a lawyer. Fern Hogue explained that if he did not sign, he would be an employee-at-will and could be terminated at any time. Plaintiff then signed the agreement.

The agreement provided that plaintiff would be employed in the position of sales manager, but would perform only the duties and services specifically requested by the Board of Directors of Pepsi–Cola. The agreement provided further that "in the absence of specific requests by the board of directors of Company, Employee shall not perform or render any duties or services to Company." Under the terms of the agreement, Pepsi–Cola was to continue plaintiff's monthly salary and benefits for a 10–month period ending February 20, 1990. However, the agreement expressly permitted plaintiff to seek employment elsewhere during the 10–month term, and provided that the monthly salary payable by Pepsi–Cola would be reduced by the gross compensation earned by plaintiff as a result of other employment during the period. The agreement also specifically provided, "Company may terminate Employee's employment at any time, either with or without cause; provided however, any such termination by Company shall not relieve Company of its obligation to pay the Monthly Salary during the Employment Period."

In the following weeks, plaintiff went to work as usual and carried out his normal duties as sales manager for Pepsi–Cola. Because he was uncertain of his role, he sought clarification from Richard Nicoll ("Nicoll"), the new president of Pepsi–Cola, and Steve Ford ("Ford"), LinPepCo's vice-president of finance. They were unresponsive. However, on June 8, 1989, he was informed by Nicoll and Ford that the company was consolidating positions, that there was no longer a place for plaintiff in the organization, and that his position was being eliminated. Plaintiff's age was not mentioned by Nicoll or Ford as a reason for his termination. When plaintiff asked who would be taking over his duties, Nicoll responded that Dave Schlagle, LinPepCo's vice-president of sales, would be handling those functions from his office in Lincoln, Nebraska. Nicoll suggested plaintiff wrap things up at Pepsi–Cola within a week. Plaintiff vacated his office and left work at Pepsi–Cola for the last time on June 15, 1989. Although Nicoll had indicated that they might need to consult with plaintiff periodically, plaintiff was never contacted about doing so.

In December 1989, plaintiff heard from a friend that Pepsi–Cola had replaced him with a man half his age. On January 12, 1990, Don Hogue ("Hogue") introduced the plaintiff to Daniel Dagosta ("Dagosta"). Hogue indicated that Dagosta had taken plaintiff's position as sales manager with Pepsi–Cola. Dagosta was approximately 39 years old. He had been employed by the defendant in October 1989, as general sales manager. Prior to assuming this position, Dagosta had served as a district manager for Pepsi–Cola Bottling Co. of Omaha, Nebraska.

Plaintiff was paid his full salary and benefits under the terms of the employment agreement until February 20, 1990, when the agreement expired. Thereafter, plaintiff received unemployment compensation for 26 weeks.

On the advice of friends and others, plaintiff filed a complaint with the Topeka Human Rights Commission on or about March 14, 1990, alleging that Pepsi–Cola violated the Topeka City Code and the Kansas Act Against Discrimination because of his age. In that complaint he alleged that the date of the incident was February 20, 1990. On May 25, 1990, at the suggestion of the Human Rights Commission, plaintiff filed a complaint with the Kansas Commission on Civil Rights ("KCCR"), charging Pepsi–Cola with violating the Kansas Age Discrimination in Employment Act by terminating him on the basis of his age. The KCCR refused to docket the complaint because it considered the date of the incident to be June 8, 1989, when plaintiff was informed that his employment would be terminated at the expiration of the term of

the employment agreement.[3] The KCCR referred the complaint on that same date to the Equal Employment Opportunity Commission ("EEOC").[4]

On June 4, 1990, the EEOC notified Pepsi–Cola that it had been charged with discrimination, noting that it was an "unperfected charge." With the assistance of the EEOC staff, plaintiff filed a perfected charge on July 24, 1990, with the EEOC, charging a violation of the ADEA by Pepsi–Cola. The complaint simply alleged that he had been informed on June 8, 1989, that no position would be available for him when the employment contract ended on February 20, 1990.

Sometime prior to July 30, 1990, plaintiff retained counsel to represent his interests. The EEOC staff subsequently learned that plaintiff intended to file a lawsuit based on his charge. On August 28, 1990, the EEOC notified plaintiff that its investigation of his charge had been discontinued because he was initiating suit in court, and that he was entitled to file suit under the ADEA upon the expiration of 60 days following the filing of his charge.

On May 22, 1991, plaintiff filed the complaint now before the court.

## TIMELINESS OF EEOC FILING

The defendant first argues that the plaintiff's claim should be dismissed because it was not timely filed with the EEOC as required by the ADEA. Specifically, de-

fendant cites 29 U.S.C. § 626(d), which reads as follows:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Section 633(b) pertains to alleged unlawful practices that occur in a state, like Kansas, that has a law prohibiting discrimination in employment on the basis of age. Under section 633(b), no suit may be brought under section 626 before 60 days following commencement of proceedings under state law, unless such proceedings have been earlier terminated.[5] Defendant concedes that the 300–day time limit applies in this case.[6]

3. Under Kansas law, a complaint alleging an unlawful employment practice must be filed within six months after the alleged act of discrimination. See K.S.A.1991 Supp. 44–1115; 44–1005(i).

4. KCCR and EEOC have entered into a worksharing agreement under which they have each designated the other to serve as agent for the purpose of receiving charges. Each agency is to aid any person alleging employment discrimination to draft a charge in a manner that will satisfy the requirements of the other agency.

5. No evidence has been submitted to the court to indicate when plaintiff received notice that his state claim was untimely filed, thereby terminating proceedings under state law. If plaintiff was notified as early as May 25, 1990, that state proceedings had terminated, section 626(d)(2) would have required him to file his

EEOC charge no later than 30 days thereafter, or June 24, 1990. The evidence shows that plaintiff's unperfected charge was filed with the EEOC within 30 days. However, because the court has determined that the alleged unlawful act occurred on June 8, 1989, see discussion in text *infra,* 300 days following the alleged unlawful act would be April 4, 1990, earlier than June 24, 1990. The court therefore accepts the parties' assumption that the controlling time limitation for filing plaintiff's EEOC charge was 300 days from the date of the alleged unlawful practice. *See* 29 U.S.C. § 626(d)(2).

6. The defendant does not contend that the plaintiff's *suit* was filed beyond the applicable limitations period. Pursuant to 29 U.S.C. § 626(e)(1), the applicable statute of limitations is 29 U.S.C. § 255. Under section 255, an action must be commenced within two years after the cause of action accrued; however, if the cause of action

The defendant's position is that the alleged unlawful act took place on June 8, 1989. As a result, the defendant argues, the EEOC charge was untimely filed on July 24, 1990, more than 300 days later. Plaintiff contends that the alleged unlawful act took place on February 20, 1990, when the employment contract expired, or at least no sooner than December 1989, when plaintiff learned he had been replaced by a younger person.

■ The period for filing an age discrimination charge begins on the date the employee is notified of an adverse employment decision, even if the employee is later terminated or subsequently receives severance benefits. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir.1988) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 256–59, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431 (1980)). An employee is generally notified of an adverse employment decision when a particular event or decision is announced by the employer. *Id.* 858 F.2d at 614. If an employee does not file a charge with the EEOC within the period required by section 626(d), his ADEA action is generally time-barred. *See id.*

■ However, the administrative filing requirements imposed under the ADEA are not the type of jurisdictional prerequisites that pose an absolute bar to a suit; rather, they are similar to statutes of limitation, which are subject to equitable modification. *See, e.g., Perkins v. Silverstein*, 939 F.2d 463, 469–70 (7th Cir.1991); *Gray v. Phillips Petroleum Co.*, 858 F.2d at 615 (citing *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260–61 (10th Cir.1976), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), *reh'g denied*, 434 U.S. 1042, 98 S.Ct. 785, 54 L.Ed.2d 792 (1978)); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 595

(5th Cir.1981); *Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir.1981).

■ For the purpose of determining whether plaintiff's EEOC charge was timely filed as required by 29 U.S.C. § 626(d)(2), the court finds that the alleged unlawful practice occurred on June 8, 1989, when the plaintiff was informed that his position was being eliminated. The fact that plaintiff continued to receive his regular salary and benefits until February 20, 1990, is irrelevant. *See Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 288 (8th Cir.1988) (limitations period began to run on the date of plaintiff's termination letter, not upon expiration of severance benefits nine months later); *Wilkerson v. Siegfried Ins. Agency, Inc.*, 621 F.2d 1042, 1044–45 (10th Cir.1980) (alleged unlawful act occurred on date of termination, and the fact plaintiff was kept on the payroll because of vacation and severance pay rights does not alter that fact).

Under 29 U.S.C. § 626(d), plaintiff had until April 4, 1990, 300 days after June 8, 1989, to file a claim with the EEOC. The court finds that plaintiff filed his charge with the EEOC on May 25, 1990, the date the charge was filed with the KCCR as agent for EEOC. Therefore, absent equitable modification of the 300–day limit, plaintiff's claim under the ADEA is time-barred by virtue of the administrative requirement for filing with the EEOC.

■ The Tenth Circuit Court of Appeals has held that equitable tolling of ADEA time limitations is appropriate only where the circumstances of the case " 'rise to the level of active deception which might invoke the powers of equity to toll the limitations period.' " *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 615 (10th Cir.1988) (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir. 1979)). However, whether or not a plain-

arises out of a willful violation, the action must be commenced within three years. Even if the alleged unlawful act occurred on June 8, 1989, as defendant contends, plaintiff's civil action was timely filed on May 22, 1991, for purposes of the applicable statute of limitations.

Effective November 21, 1991, 29 U.S.C. § 626 was amended to add subsection (e), which requires a civil action to be commenced within 90

days following receipt of notice from the EEOC that a charge has been dismissed or otherwise terminated. However, the new subsection does not apply in the instant case, since the EEOC notified plaintiff of the termination of its investigation more than a year before the amendment's effective date. See Pub.L. 102–166, Title I, § 115, 105 Stat. 1079; 29 U.S.C.A. § 626(e) (West Supp.1992).

tiff claiming a violation of the ADEA is entitled to equitable tolling or estoppel of the administrative filing deadlines is a matter that almost invariably involves the credibility of witnesses, and as such warrants an evidentiary hearing. *See Wilkerson v. Siegfried Ins. Agency, Inc.,* 621 F.2d at 1045; *see also Foutty v. Equifax Services, Inc., a Div. of Equifax, Inc.,* 764 F.Supp. 621, 622 (D.Kan.1991) (plaintiff argued defendant's acts constituted affirmative conduct intended to mislead her and lull her into inaction).

█ Considering the facts and inferences in the light most favorable to the plaintiff, the court finds that the uncontroverted facts could warrant activation of the doctrine of equitable tolling of the 300–day statutory time limit for the filing of an administrative claim with the EEOC. Upon his termination on June 8, 1989, plaintiff was informed by defendant's president that his position was to be eliminated and his functions consolidated in Lincoln, Nebraska, the headquarters of defendant's parent corporation. Mere elimination of his position would not provide the basis for an age discrimination claim. *See Aronsen v. Crown Zellerbach,* 662 F.2d 584, 594 n. 15 (9th Cir.1981) (employee could have unequivocal notice of termination without any immediate suspicion that the termination was actuated by age discrimination), *cert. denied,* 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983); *Wilkerson v. Siegfried Ins. Agency, Inc.,* 621 F.2d at 1045 (plaintiff was advised her position was being eliminated; if true, such would not be a discharge based on age or sex discrimination). In October 1989, the defendant employed a younger individual for the sales manager position formerly held by the plaintiff.

█ There is a genuine issue of material fact as to whether defendant's conduct misled plaintiff that his position was being eliminated when, in fact, defendant sought to replace him due to his age. Based on the facts alleged, a reasonable trier of fact could infer that the defendant delayed filling the plaintiff's position to avoid the appearance that plaintiff was being terminat-

ed on the basis of his age. If so, equitable factors would warrant the tolling of the 300–day time limit in 29 U.S.C. § 626(d) until the plaintiff knew or should have known that the defendant hired a younger person to fill the position formerly held by the plaintiff prior to his termination.

█ Although the plaintiff testified in his deposition that he suspected on June 8, 1989, that age was a factor in his termination, the court is not persuaded by the plaintiff's arguments that his suspicion precludes equitable tolling of the time limits in section 626(d). Plaintiff had no evidence to support an age discrimination claim prior to October 1989, when the defendant admits that a younger man was hired for the sales manager position. He had a right to rely on the defendant's assertions that the only reason for his termination was that his position was being eliminated and his functions were to be consolidated in Lincoln, Nebraska. If plaintiff's age was in fact the reason for his termination and if the defendant actively concealed that fact from the plaintiff, the doctrine of equitable tolling would apply even if the plaintiff believed that age was one of the factors leading to his termination.

The court notes that the defendant has not claimed it was prejudiced by the fact that the plaintiff did not file his EEOC charge earlier. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply, once a factor that might justify such tolling is identified), *cited in Foutty v. Equifax Services, Inc.,* 764 F.Supp. at 622; *see also Gray v. Phillips Petroleum Co.,* 858 F.2d at 616 (noting defendant had not shown any significant prejudice would result should plaintiffs be allowed to proceed with ADEA claims despite filing EEOC charges beyond 180–day statutory time period).

Furthermore, the late filing of plaintiff's EEOC charge did not undermine the purpose of the limitations period, which is to ensure the employer has been notified of the claim for the purpose of encouraging

negotiation and settlement. *See* 29 U.S.C. § 626(d). In this case, the EEOC on its own motion declined to initiate an investigation of the claim. Defendant was notified by the EEOC in June 1990, that plaintiff had filed an age discrimination claim, and this suit was not filed until nearly a year later.

 If the trier of fact finds that the time limit for filing plaintiff's charge with the EEOC should be equitably tolled until at least October 1989, plaintiff's filing of the EEOC charge on May 25, 1990, would be within the 300–day statutory time limit, and his suit would not be time-barred under 29 U.S.C. § 626(d). Because a genuine issue of material fact exists as to whether the doctrine of equitable tolling should apply, the defendant has not met its burden of showing that it is entitled to judgment as a matter of law on the basis of the date plaintiff filed his charge with EEOC.[7]

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

 Defendant next argues that it is entitled to summary judgment because the plaintiff failed to exhaust his administrative remedies. Although the precise nature of defendant's argument is not clear, the court assumes the defendant's contention is based on the fact that the KCCR declined to docket plaintiff's state claim against Pepsi–Cola because of the six-month statutory time limit under Kansas law for filing age discrimination claims with KCCR.

 The court rejects defendant's argument. The fact that the plaintiff's age discrimination claim may not have been timely filed with the state agency under Kansas law is not a jurisdictional bar to a claim based on the ADEA. *See Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758–65, 99 S.Ct. 2066, 2073–76, 60 L.Ed.2d 609 (1979) (complainant's failure to file a state administrative claim within state's limitation period does not bar a federal claim under the ADEA); *Smith v. General Scanning, Inc.*, 832 F.2d 96, 98 (7th Cir.1987) (in a deferral state, plaintiffs must commence state proceedings, but the state filing need not be timely); *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F.2d 697, 701 (2d Cir.1983) (plaintiff filed complaint with state agency after defendant filed motion for summary judgment; upon dismissal of state complaint as untimely, plaintiff held entitled to pursue ADEA action in federal court); *Carr v. French Oil Mill Machinery Co.*, 746 F.Supp. 700, 704–05 (S.D.Ohio 1989) (jurisdictional requirements of 29 U.S.C. § 633(b) met by filing untimely charge with state civil rights commission after plaintiff filed federal and state claims for relief in federal court); *Donahue v. Pendleton Woolen Mills, Inc.*, 719 F.Supp. 149, 152 (S.D.N.Y.1988) (following *Reinhard*).

The evidence submitted to the court reveals that the KCCR failed to docket plaintiff's claim under state law solely because it was filed beyond six months from June 8, 1989, which the KCCR deemed to be the date of the alleged discriminatory incident. For purposes of the ADEA claim, the court finds that plaintiff exhausted his state administrative remedies by filing his claim with the KCCR, despite the fact that state proceedings immediately terminated because the claim was not timely under state law.

---

7. The court is not persuaded by the plaintiff's argument that equitable tolling is justified because of plaintiff's ignorance of statutory rights. Plaintiff did not consult an attorney until mid–1990, despite his concerns on April 21, 1989, regarding the legal ramifications of the employment agreement and his concerns on June 8, 1989, that age may have played a role in his termination. As a general rule, ignorance of legal rights or failure to seek legal advice does not toll a statutory limitation period. *See Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983). Further, the court rejects the plaintiff's contention that equitable tolling may be warranted if the defendant failed to post a notice of ADEA rights. Plaintiff testified at his deposition that such notices were posted on the defendant's premises. Although the trial court in *Kazanzas* tolled the 180–day filing period until plaintiff first consulted an attorney, it did so because defendant had failed to post the required notice informing its employees of their ADEA rights. Based on the evidence submitted to the court in this case, plaintiff cannot rely on his failure to retain counsel to justify tolling of the 300–day limitation for filing his EEOC claim.

IT IS BY THE COURT THEREFORE ORDERED that the defendant's amended motion to dismiss (Doc. 23) is denied.[8]

IT IS BY THE COURT FURTHER ORDERED that the plaintiff's motion for oral argument (Doc. 63) is denied.

---

8. Because the amended motion to dismiss replaced the original motion to dismiss (Doc. 21), this order also effectively disposes of the original motion.