**Frank H. AMUNDSON, Administrator of the Est. of Edward C. Amundson, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 67 Civ. 1931.

United States District Court
S. D. New York.

Oct. 25, 1967.

Spencer & Tunstead, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States; by Alvin H. Meadow, Asst. U. S. Atty., of counsel.

CROAKE, District Judge.

## MEMORANDUM

This is a motion under Rule 12(c) for a judgment on the pleadings. Defendant, United States of America, urges this court to grant a judgment in its favor on the ground that the court does not have subject matter jurisdiction.

The complaint of Frank H. Amundson, administrator of the Estate of Edward C. Amundson, seeks the return of $100.00 paid to the Commissioner of Internal Revenue. This amount was in fact part of a $931.34 deficiency assessment for the year 1961. Jurisdiction is founded on 28 U.S.C. § 1346(a) (1) (1964).

The United States argues that on the face of the pleadings the District Court lacks jurisdiction to entertain the above-captioned action because such an action may not be brought until such time as the assessed amount has been paid in full. In response to this argument the plaintiff states that the taxpayer had paid $100.00 before his death and that following his death no person had the authority to pay the remainder of the deficiency assessment. Therefore, if this action is dismissed for want of jurisdiction, the estate will in effect be denied all relief.

■ This court considers itself bound by the United States Supreme Court decision in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, rehearing denied, 362 U.S. 972, 80 S.Ct. 953, 4 L.Ed.2d 902 (1960), which held that 28 U.S.C. § 1346(a) (1) (1964), must be construed as requiring full payment of the assessment before an income tax refund suit can be maintained in federal district court. See also, Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1957). Jurisdiction of the subject matter is an absolute prerequisite for continuance of an action in the district court and absent same this court must dismiss the action. See Rule 12(h) (3), Fed.R.Civ.P.

■ While it is clear that we lack subject matter jurisdiction, we also do not believe that the plaintiff has demonstrated he is in an impossible procedural position. First, before paying the assessment he could have had a determina-

tion of his tax liability.[1]   Second, it does not appear at the present time that the administrator cannot pay the deficiency assessment and then sue for a refund in the District Court.[2]

Accordingly, the motion to dismiss under Rule 12(c) is granted.

So ordered.

---

1. It is clear that the petitioner could have had a determination of his tax liability by the Tax Court.   See 26 U.S.C. §§ 6212, 6213 (1964).

2. As appears from the answering affidavit, letters of temporary administration were issued by the Surrogate of Westchester County on September 27, 1966. Section 129 of the Surrogate's Court Act, superseded on September 1, 1967 by the Surrogate's Court Procedure Act, appears to allow payment of debts upon approval of the Surrogate.   Here the plaintiff makes no attempt to demonstrate such approval was sought.   See N.Y. Surrogate's Court Procedure Act, § 903(a) (1967), which allows payment without the Surrogate's approval.