**Jose TRINANES, Plaintiff,**

v.

**Bernhard SCHULTE and Glaessel Shipping Corp., Defendants.**

**No. 68–Civ. 2241.**

United States District Court,
S. D. New York.

Jan. 21, 1970.

Harry Wallach, New York City, by Morton J. Heckerling, of Standard, Weisberg, Heckerling & Rosow, New York City, of counsel, for plaintiff.

Cichanowicz & Callan, New York City, by Victor S. Cichanowicz, New York City, of counsel, for defendants.

### MEMORANDUM

CROAKE, District Judge.

The above-entitled action brought on behalf of a foreign seaman, who is a Spanish subject, seeks damages for personal injuries sustained while he was employed aboard a German vessel which was preparing to depart from the Port of New York. While the first and second causes of action assert that plaintiff's injuries resulted from negligence and unseaworthiness, the third cause of action alleges, in the alternative, that

the injuries to plaintiff occurred under circumstances which entitle him to damages and benefits under the laws of Germany.

The record indicates that at the time of the accident the M/S "MORITZ SCHULTE" was a West German vessel owned, operated, managed and controlled by defendant, Bernard Schulte, a citizen of West Germany. Co-defendant, Glaessel Shipping Corporation [Glaessel] is a domestic corporation which performed husbanding services for the owner of the M/S "MORITZ SCHULTE" while it was in the Port of New York and it neither owned nor controlled the vessel.

Following plaintiff's return to Spain shortly after his accident, he applied for and received compensation and medical treatment in accordance with German Compensation Law pursuant to an agreement which exists between Spain and the German Federal Republic.

The present motion brought by defendant, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, seeks an order dismissing this action on the grounds that this Court lacks jurisdiction over the subject matter in that: (1) the matter in controversy does not arise under the Constitution, laws or treaties of the United States as defined by 28 U.S.C. § 1331; and (2) the necessary diversity of citizenship is lacking as required under 28 U.S.C. § 1332.

 It is a well-established principle that jurisdiction of the subject matter is an absolute prerequisite for the continuance of an action in the District Court and in the absence of the same the Court must dismiss the action. Amundson v. United States, 279 F.Supp. 779 (S.D.N.Y.1967); See Rule 12(h)(3), Fed.R.Civ.P. Plaintiff, as the party asserting that this Court has jurisdiction, carries the burden of proving all jurisdictional facts. David Crystal, Inc. v. Cunard S. S. Co., 223 F.Supp. 273 (S.D.N.Y.1963), aff'd 339 F.2d 295 (2d Cir. 1964), cert. denied, John T. Clark & Son v. Cunard S. S. Co., Limited, 380 U.S. 976, 85 S.Ct. 1339, 14 L.Ed.2d 271 (1965); Arnold v. Troccoli, 344 F.2d 842 (2d Cir. 1965).

While the complaint filed in this case does not specify the federal statutory basis upon which jurisdiction is claimed to be predicated, it is evident that the only possible basis for jurisdiction over the subject matter is either Section 1331(a) or Section 1332(a) of Title 28, United States Code. The relevant parts of these sections read as follows:

*Section 1331. Federal question; amount in controversy; cost*

(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

*Section 1332. Diversity of citizenship; amount in controversy; costs*

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

 Subject matter jurisdiction is not conferred upon this Court by 28 U. S.C. § 1331 where plaintiff, an alien seaman, seeks recovery under the laws of the United States for injuries sustained aboard a foreign flag vessel owned by a foreign citizen. See Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

 This Court is likewise without subject matter jurisdiction under 28 U. S.C. § 1332 since federal diversity jurisdiction does not extend to controversies

among aliens. Karakatsanis v. Conquestador Cia. Nav., S.A., 247 F.Supp. 423 (S.D.N.Y.1965); Tsakonites v. Transpacific Carriers Corp., 246 F.Supp. 634 (S.D.N.Y.1965).

 The only opposition offered by plaintiff to the present motion is that he should be afforded an opportunity to determine "by means of discovery or examination before trial exactly what relationship the defendants had to the vessel, * * * [and] to determine the true ownership, registration and control of the vessel by the defendants."

The above information sought by plaintiff is already part of the record of this case, having been obtained through sworn affidavits submitted in support of defendant's motion. After considering this information and the other facts of this case the Court is of the opinion that plaintiff has failed to sustain the burden of proving that there is jurisdiction over the subject matter.

Accordingly, defendant's motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure is granted.

So ordered.