**George F. REINHARD,**
**Plaintiff-Appellant,**

v.

**FAIRFIELD MAXWELL LTD., a New York Corporation,**
**Defendant-Appellee.**

**No. 437, Docket 82–7568.**

United States Court of Appeals, Second Circuit.

Argued Jan. 6, 1983.

Decided May 23, 1983.

Timothy G. Hagan, Detroit, Mich. (Donnelly & Associates, P.C., Detroit, Mich., Stephen H. Kahn, Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, on the brief), for plaintiff-appellant.

Douglas Foster, New York City (Stephen R. Sugrue, Lovejoy, Wasson & Ashton, New York City, on the brief), for defendant-appellee.

Before KEARSE, WINTER and PRATT, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff George F. Reinhard appeals from a judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, *Judge*, dismissing his complaint against his former employer, Fairfield Maxwell, Ltd. ("Fairfield"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1976 & Supp. V 1981). The district court granted Fairfield's motion for summary judgment on the ground that Reinhard had failed to comply with a statutory prerequisite to such a suit, to wit, the commencement of proceedings before a state agency empowered to remedy age discrimination in employment, as required by § 14(b) of the ADEA, 29 U.S.C. § 633(b), within the time limit prescribed by § 7(d)(2) of the ADEA, 29 U.S.C. § 626(d)(2). Since we conclude that § 7(d) does not govern the time within which state proceedings must be commenced, we vacate the judgment of the district court and remand for further proceedings.

## BACKGROUND

The events pertinent to this appeal are not in dispute. Reinhard commenced the present action on November 16, 1981, alleging that in 1979 he was a 59-year-old employee of Fairfield in New York, and that on November 16, 1979, Fairfield terminated his employment in order to fill his position with a younger man. Reinhard contended that Fairfield's conduct constituted willful discrimination against him on the basis of his age, in violation of the ADEA.[1] On January 28, 1982, Fairfield moved for summary judgment dismissing the complaint on the ground that ADEA § 14(b) forbade such a suit unless the plaintiff had theretofore commenced a proceeding before the applicable state agency, here the New York State Division of Human Rights ("DHR"), and that DHR had no record of any such complaint by Reinhard.

Reinhard reacted by promptly sending, on February 5, 1982, a registered letter to DHR complaining of Fairfield's alleged age discrimination. His attorney submitted an affidavit explaining that in May 1980, he had, on behalf of Reinhard, mailed Reinhard's age discrimination complaint to the Equal Employment Opportunity Commission ("EEOC"), which had received the charge, and to DHR, which had not received the charge because it was mailed to the wrong address.

On February 23, 1982, Reinhard was advised by DHR that it would not entertain his complaint because the state statute of limitations governing his claim had run. *See* N.Y.Exec.Law § 296(3–a) (McKinney 1982) (prohibiting age discrimination in employment); *id.* § 297(5) (McKinney 1982) (setting one-year period of limitation for filing of complaint alleging such discrimination). Reinhard opposed summary judgment on the ground that his February 5, 1982 letter to DHR and DHR's rejection sufficed to satisfy the requirement of ADEA § 14(b) and to permit his action to proceed. In so arguing, Reinhard relied on *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), in which the Supreme Court ruled that § 14(b) could be satisfied by the commencement of a state proceeding even after the bringing of a federal action.

The district court rejected Reinhard's contention that § 14(b) had now been satisfied, on the ground that ADEA § 7(d)(2), 29 U.S.C. § 626(d)(2), required Reinhard to commence his § 14(b) state proceeding within 300 days of the alleged discrimination. The court noted that the February 5, 1982 letter was sent more than 500 days after the expiration of the "maximum 300-day period prescribed by § 626(d)(2)," and concluded that "the present action is time barred." Opinion dated June 29, 1982, at 5. The court found no basis for excusing Rein-

---

1. ADEA § 4(a)(1), 29 U.S.C. § 623(a)(1), provides, in pertinent part, as follows:

It shall be unlawful for an employer—
   (1) ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age ....

hard's failure to commence state proceedings within the 300-day period [2] and granted summary judgment dismissing the action.

On this appeal Reinhard pursues his contention that his February 5, 1982 letter to DHR satisfied the prerequisites of ADEA § 14(b) and was not time-barred under § 7(d). For the reasons below, we agree.

## DISCUSSION

The procedural framework of the ADEA, like that of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e–17 (1976 & Supp. IV 1980), after which the ADEA was patterned, *see Oscar Mayer & Co. v. Evans, supra,* 441 U.S. at 755, 99 S.Ct. at 2071, expresses Congress's preference for the resolution of discrimination charges by means of conciliation or local agency action rather than federal court litigation. *Id.* at 761, 99 S.Ct. at 2074 (ADEA); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974) (Title VII). Thus, ADEA § 7(c), 29 U.S.C. § 626(c), allows a person aggrieved to bring a civil action, but § 7(d) prohibits the commencement of such an action until 60 days after a charge has been filed with the EEOC and requires the EEOC in the interim to attempt informal methods of resolution. Section 7(d) provides as follows:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d).

The intent to give local authorities an opportunity to resolve such charges is reflected in ADEA § 14(b), 29 U.S.C. § 633(b), which provides that in states having agencies empowered to remedy age discrimination in employment ("deferral states") the claimant may not bring an action under the ADEA unless he has first commenced a proceeding with the appropriate state agency. Section 14(b) provides, in pertinent part, as follows:

In the case of an alleged unlawful practice occuring [*sic*] in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, *no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under State law,* unless such proceedings have been earlier terminated

. . . .

29 U.S.C. § 633(b) (emphasis added). The Supreme Court has construed the language of § 14(b) italicized above to mean that no federal action may proceed unless a state proceeding has been commenced. *Oscar Mayer & Co. v. Evans, supra,* 441 U.S. at 754–58, 99 S.Ct. at 2070–72. Nonetheless, as described in greater detail below, the Court has ruled that a suit brought under § 7(c), 29 U.S.C. § 626(c), prior to the institution of any state proceedings should not be dismissed but should merely be held in abeyance until the claimant commences a state proceeding under § 14(b). *Id.* at 765, 99 S.Ct. at 2076; *id.* at 767, 99 S.Ct. at 2077 (Blackmun, J., concurring).

In the present case, it is undisputed that Reinhard filed his charge with the EEOC

---

2. Reinhard does not contest this ruling on appeal. Nor has he contended that his attorney's abortive mailing to DHR in May 1980 constituted the institution of state proceedings.

prior to bringing this suit and within 300 days of Fairfield's alleged discrimination; and it is undisputed that he has, since bringing this suit, commenced a proceeding with DHR.[3] The only question raised by this appeal is whether Reinhard's commencement of the state proceeding was time-barred under the ADEA. Looking to the statute itself and to the Court's action in *Oscar Mayer,* we conclude that it was not.

■ In examining the statutory language, we find no ADEA provision specifying the time within which a claimant in a deferral state must commence proceedings before the state agency. Section 14(b) provides merely that a lawsuit may not be commenced until 60 days after state proceedings have been instituted (unless earlier terminated); it imposes no time constraints on the institution of state proceedings. The only ADEA provisions setting limitations periods for filings by a claimant are §§ 7(d) and (e), 29 U.S.C. §§ 626(d) and (e). *See Oscar Mayer & Co. v. Evans, supra* 441 U.S. at 762, 99 S.Ct. at 2074. Section 7(d), by its terms, specifies only the time within which a charge may be filed with the EEOC; it does not mention the institution of state proceedings, and there is no requirement therein or elsewhere that the filing of a charge with the state agency precede the filing of a charge with the EEOC.[4] "ADEA grievants may file with the State before or after they file with the Secretary of Labor [now the

EEOC[5]]." *Oscar Mayer & Co. v. Evans, supra* 441 U.S. at 756 n. 4, 99 S.Ct. at 2072 n. 4. Thus, we see no basis for ruling that the 300-day limitation period applicable to the filing of charges with the EEOC also restricts the commencement of state proceedings.

Section 7(e) identifies the period within which a civil action may be commenced, by incorporating by reference 29 U.S.C. § 255 (1976), which provides that an action for a willful violation must be commenced within three years after the cause of action accrued and that an action for a nonwillful violation must be commenced within two years. The implication of § 7(e), read in conjunction with § 14(b), is that, with respect to a claim of willful discrimination, state proceedings should normally be instituted at least 60 days prior to the expiration of the three-year period following the alleged willful discrimination. We have found no provision in the ADEA imposing a shorter time frame for commencement of state proceedings.

Our conclusion that state proceedings need not be commenced within § 7(d)'s 300-day period is supported by the procedural relief ordered by the Supreme Court in *Oscar Mayer.* There, Evans, the plaintiff, claimed that he had been forced to retire in January 1976 in violation of the ADEA. In March 1976, he filed with the Department of Labor, *see* note 5 *supra,* notice of his intent to sue his former employer under the ADEA.[6] In March 1977, he brought his

3. Such a proceeding is "commenced" by the claimant's sending his complaint to the state agency by registered mail. 29 U.S.C. § 633(b). It is thusly commenced within the meaning of § 14(b) even if the state makes timeliness under state law "a precondition for commencement, rather than follow the more typical pattern of making untimeliness an affirmative defense." *Oscar Mayer & Co. v. Evans, supra* 441 U.S. at 760, 99 S.Ct. at 2073.

4. In this respect the ADEA differs from Title VII, which provides that "no charge may be filed [with the EEOC] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated ...." 42 U.S.C. § 2000e–5(c). This provision, read in conjunction with 42 U.S.C. § 2000e–5(e), which pro-

vides, in pertinent part, that no charge may be filed with the EEOC later than 300 days after the alleged discrimination occurred, requires in effect that state proceedings be instituted 240 days after the alleged discrimination occurred. *See Mohasco Corp. v. Silver,* 447 U.S. 807, 817, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980); *id.* at 827, 100 S.Ct. at 2497 (Blackmun, J., dissenting).

5. In 1979 authority to enforce the ADEA was transferred from the Department of Labor to the EEOC. *See* Reorganization Plan No. 1 of 1978, § 2, 43 Fed.Reg. 19,807 (1978), *reprinted in* 5 U.S.C. app., at 354 (Supp. III 1979).

6. The Age Discrimination in Employment Act Amendments of 1978, § 4(b)(1), Pub.L. No. 95–256, 92 Stat. 189, 191 (1978), amended § 7(d) by deleting the requirement that the aggrieved

federal action, without having commenced a proceeding before the appropriate Iowa state agency. Although the Court ruled that Evans's action was premature because § 14(b) required that a state proceeding be instituted prior to the commencement of a federal action, *Oscar Mayer & Co. v. Evans, supra* 441 U.S. at 758, 99 S.Ct. at 2072, the majority proceeded to consider the effect of Evans's failure to institute state proceedings. The defendant contended that this circumstance required the dismissal of Evans's complaint because the Iowa statute of limitations— 120 days—had run.[7] The Court disagreed, finding no indication that Congress had intended claimants' rights to enforce the ADEA to be subject to the vagaries of diverse state statutes of limitation. It determined that the Iowa agency should be given the opportunity to entertain Evans's claim, and, with four Justices dissenting, it directed that the district court hold Evans's action in abeyance until his claim was presented to the Iowa agency pursuant to § 14(b). 441 U.S. at 765, 99 S.Ct. at 2076; *see id.* at 767, 99 S.Ct. at 2077 (Blackmun, J., concurring).

Although the principal focus of the *Oscar Mayer* majority's discussion of procedural relief was elimination of the notion that state limitations periods could govern the efficacy of the federal remedy, *see id.* at 759, 99 S.Ct. at 2073 ("state limitations periods are irrelevant" to the pursuit of ADEA rights), the relief ordered by the Court implicitly answered the question posed by the present action, *i.e.,* whether an ADEA action is barred if the state proceeding was not commenced within the 300 days permitted for the filing of a charge with the

EEOC. The 300-day period following Evans's alleged forced retirement had long passed when his case reached the Supreme Court; indeed, the district court action had been commenced more than 400 days after the alleged discrimination. Nonetheless, the Supreme Court stated, "[w]e ... hold that respondent may yet comply with the requirements of § 14(b) by simply filing a signed complaint with the Iowa State Civil Rights Commission." *Id.* at 764, 99 S.Ct. at 2075; *see id.* at 767, 99 S.Ct. at 2073 (Blackmun, J., concurring). Since the Court declined to consider whether Evans's failure to commence state proceedings was excused by special circumstances, *see* note 7 *supra,* its holding that Evans could still commence such proceedings in compliance with § 14(b) implicitly ruled that § 7(d)'s provision for filing within 300 days with the Secretary of Labor did not impose the same 300-day stricture on filing with the state agency pursuant to § 14(b).

We conclude that Reinhard's February 5, 1982 letter to DHR fulfilled the requirements of § 14(b) and that upon DHR's February 23 rejection of that complaint as untimely under state law, Reinhard was entitled to pursue the present action. The judgment of dismissal is vacated and the cause is remanded for further proceedings.

---

individual "give[ ] the Secretary ... notice of an intent to file [a civil] action," 29 U.S.C. § 626(d) (1976), and required instead that "a charge ... be filed" with the EEOC, 29 U.S.C. § 626(d) (Supp. V 1981). Both the old and the new language reflected the same purpose, *i.e.,* to provide the federal agency with sufficient information to notify prospective defendants and attempt conciliation. *See* H.R.Conf.Rep. No. 950, 95th Cong., 2d Sess. 12, *reprinted in* 1978 U.S.Code Cong. & Ad.News 528, 534.

**7.** Evans had relied on advice received from the Department of Labor that he was not required to file state proceedings in order to preserve his federal rights. He argued that the erroneous advice given by the Department should excuse his failure to file a state complaint within the 120-day period of limitations. The Court ruled that it need not reach the question of excuse since § 14(b) required only that state proceedings be commenced, not that they be commenced within a period specified by the state. *Id.* at 759, 99 S.Ct. at 2073.