William A. BRODSKY, M.D.,
Plaintiff–Appellant,

v.

The CITY UNIVERSITY OF NEW
YORK, Defendant–Appellee.

No. 1178, Docket 94–7907.

United States Court of Appeals,
Second Circuit.

Argued Jan. 4, 1995.

Decided May 26, 1995.

Lawrence R. Sandak, New York City (Sive, Paget & Riesel, P.C., of counsel), for plaintiff-appellant.

Marion R. Buchbinder, New York City (Martha O. Shoemaker, G. Oliver Koppell, Atty. Gen. of State of N.Y., of counsel), for defendant-appellee.

Karen M. Moran, Washington, DC (James R. Neely, Jr., Gwendolyn Young Reams, Vincent J. Blackwood, of counsel), for amicus curiae E.E.O.C.

Before WINTER, MAHONEY, and JACOBS, Circuit Judges.

WINTER, Circuit Judge:

William A. Brodsky appeals from the dismissal of his complaint alleging that the City University of New York ("CUNY") violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Judge Duffy dismissed Brodsky's complaint on the ground that Brodsky's claim was procedurally barred. We reverse.

Brodsky is a pediatrician and medical researcher who was employed as a Professor of Physiology and Biophysics at the Graduate Division of CUNY from 1968 through 1988. In 1988, Brodsky was made a Visiting Professor of Physiology and Biophysics. According to his complaint, in September 1991, Brodsky, then aged 74, was notified that his faculty appointment for the academic year would not be renewed. Brodsky alleges that, on June 23, 1992, 296 days after he was advised of the termination of his faculty appointment, he filed a charge of age discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the New York State Division of Human Rights (the "NYSDHR"). On July 29, 1993, the EEOC issued a right-to-sue letter, and Brodsky brought the instant action. The district court dismissed the complaint as procedurally barred. It held that the filing of a charge with the NYSDHR within 240 days of the alleged act of discrimination is a prerequisite to the bringing of the instant action.

■ Complainants in so-called deferral jurisdictions are subject to certain requirements different from those applicable to complainants in non-deferral jurisdictions. A deferral jurisdiction is a state, like New York, that has a law prohibiting age discrimination and an administrative agency empowered to remedy it. Complainants in deferral jurisdictions cannot bring a civil action under the ADEA until 60 days after they have filed a charge with the state agency and the EEOC. 29 U.S.C. §§ 633(b), 626(d).[1] A complainant in a deferral jurisdiction ordinarily has 300 days to file a charge with the EEOC. See supra note 1.

■ The district court read into the ADEA an additional requirement that, in a deferral jurisdiction, 60 days must pass after the commencement of a state proceeding before a charge may be filed with the EEOC, unless the state proceeding is concluded in less than 60 days. No such provision is found in the text of the ADEA. However, Title VII does contain such a requirement, see 42 U.S.C. § 2000e–5(c), and the district court reasoned that, because the provisions of Title VII and the ADEA are often construed identically, the ADEA also imposes a similar deferral period. We disagree.

The ADEA imposes no sequential filing requirement but expressly permits complainants to file simultaneously with the EEOC and a state agency. In Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the Supreme Court recognized that the "ADEA permits concurrent rather than sequential state and federal administrative jurisdiction," id. at 757, 99 S.Ct. at 2072, and that "[u]nder the ADEA ... grievants may file with state and federal agencies simultaneously," id. at 756, 99 S.Ct. at 2071. Although Title VII requires aggrieved persons to file first with a state antidiscrimination agency before filing with the EEOC, see 42 U.S.C. § 2000e–5(c), the ADEA contains no such requirement. Oscar Mayer, 441 U.S. at 756, 99 S.Ct. at 2071; accord Solimino v. Astoria Fed. Sav. & Loan Ass'n, 901 F.2d 1148, 1152–53 (2d Cir.1990), aff'd on other grounds, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). As the

1. Section 633(b) reads in pertinent part:

   (b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law....

   Section 626(d)(2) reads in pertinent part:

   (d) No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

   *    *    *

   (2) in a case to which section 633(b) of this tile applies, within 300 days after the alleged unlawful practice occurred.

Supreme Court observed, "[t]he premise for this difference is that the delay inherent in sequential jurisdiction is particularly prejudicial to the rights of 'older citizens to whom, by definition, relatively few productive years are left.'" *Oscar Mayer,* 441 U.S. at 757, 99 S.Ct. at 2072 (quoting 113 Cong.Rec. 7076 (1967) (remarks of Sen. Javits)).

We addressed a similar issue in *Reinhard v. Fairfield Maxwell, Ltd.,* 707 F.2d 697 (2d Cir.1983), observing that the ADEA imposed no time constraints on the institution of state proceedings and that a charge may be filed with a state agency subsequent to filing with the EEOC. *Id.* at 700. Indeed, *Reinhard* expressly distinguished the ADEA from Title VII, insofar as the ADEA lacks a requirement that the filing of a charge with a state agency precede the filing of a charge with the EEOC, while Title VII "requires in effect that state proceedings be instituted 240 days after the alleged discrimination occurred." *Id.* at 700 n. 4; *see also Aronson v. Gressly,* 961 F.2d 907, 911 (10th Cir.1992) (holding that ADEA contains no requirement that 60 days must pass after a charge is filed with a state agency before a charge may be filed with the EEOC); *Seredinski v. Clifton Precision Prods. Co.,* 776 F.2d 56, 63 (3d Cir. 1985) (same).

CUNY contends that *Shockley v. Vermont State Colleges,* 793 F.2d 478 (2d Cir.1986), made the 60–day–exclusive–state–jurisdiction requirement of Title VII applicable to the ADEA. *Shockley* embodied no such holding and did not even address the issue. *Shockley* concerned only whether there existed a factual dispute about the date of an allegedly discriminatory act that would preclude summary judgment. *Id.* at 481–82.

■ Therefore, before filing a civil action, ADEA plaintiffs in deferral jurisdictions must file with the EEOC within 300 days and with the state antidiscrimination agency 60 days before expiration of the statute of limitations. *See Reinhard,* 707 F.2d at 700–01. According to Brodsky's complaint, he fulfilled these requirements by filing his charge with the EEOC and NYSDHR 296 days after his termination.

We thus reverse the dismissal of Brodsky's complaint.