**Patricia GORMAN, Plaintiff,**

v.

**HUGHES DANBURY OPTICAL SYSTEMS, Defendant.**

**No. 3:93cv2163 (DJS).**

United States District Court, D. Connecticut.

Nov. 22, 1995.

James S. Brewer, West Hartford, CT, for plaintiff.

Melinda S. Monson, Pinney, Payne, Van Lenten, P.C., Christopher G. Winans, Pinney, Payne, Van Lenten, P.C., Danbury, CT, for defendant.

## ENDORSEMENT ORDER

SQUATRITO, District Judge.

This cause is now before the court on the Honorable Thomas P. Smith's Recommended Ruling on the defendant's motion to dismiss (document # 33). Upon review and pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 2 of the Local Rules for United States Magistrate

Judges (D.Conn.), the recommended ruling is **APPROVED** and **ADOPTED** as the ruling of this court, absent timely objection or response of any kind.

Accordingly, defendant's motion to dismiss is hereby granted without prejudice to the filing of a motion conforming to Judge Smith's directions within thirty days. Failure to comply shall result in the entry of judgment in favor of the defendant on the federal claims and dismissal of the state-law claims without prejudice.

It is so ordered.

### RECOMMENDED RULING ON MOTION TO DISMISS

SMITH, United States Magistrate Judge.

This is an action in which the plaintiff alleges that the defendant discriminated against her in violation of, inter alia, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA") and Title VII. The defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

For the reasons that follow, the defendant's motion should be **GRANTED.**

### FACTS

After examination of the pleadings, motions and relevant memoranda, and for purposes of the instant motion to dismiss, the following material facts are undisputed. The plaintiff was born on August 3, 1945, and was forty six years of age when the discriminatory conduct at issue allegedly took place. The plaintiff was employed by the defendant, Hughes Danbury Optical Systems ("Hughes"), as an administrative secretary for approximately fourteen years, from 1978 until she was ultimately terminated in 1992. While she was employed by the defendant, the plaintiff received favorable performance evaluations.

In 1987, the plaintiff was involved in a motor vehicle accident. As a result of the accident, she suffered injuries which left her with permanent disabilities. The plaintiff currently suffers from Chronic Fatigue Immune Dysfunction Syndrome. According to the amended complaint, the plaintiff's disabilities did not interfere with her "ability to perform the essential functions of her job." The plaintiff alleges that she was terminated due to illegal discrimination based upon her age and her disability and that she was replaced with younger secretarial support. The defendant's actions have allegedly caused the plaintiff to suffer extreme physical and mental damages.

In addition to her claims under the ADEA, ADA and Title VII, the plaintiff alleges violations of state discrimination statutes, C.G.S. §§ 46a–58(a), 46–60(a)(1), 46a–60(a)(8).

### STANDARD

■ A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted if the plaintiff fails to establish jurisdiction. "Federal courts are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined by the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress." 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 (1984). *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). If the district court concludes that it does not have subject matter jurisdiction, it must dismiss the case. *See Golden Hill Paugussett Tribe of Indians v. Weicker,* 839 F.Supp. 130, 136 (D.Conn.1993); *Trinanes v. Schulte,* 311 F.Supp. 812 (D.C.N.Y.1970); *Amundson v. U.S.,* 279 F.Supp. 779 (D.C.N.Y.1967).

■ A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) "merely . . . assess[es] the legal feasibility of the complaint, [it does] not . . . assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). In deciding a motion to dismiss "the court 'must accept the material facts alleged in the complaint as true,'" *Staron v. McDonald's Corp., et al.,* 51 F.3d 353, 355 (2d

Cir.1995) (citing *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994)), and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must determine whether the plaintiff has stated a claim upon which relief may be granted. *Fischman v. Blue Cross & Blue Shield*, 755 F.Supp. 528 (D.Conn.1990). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir.1991).

## DISCUSSION

The defendant argues that all of the plaintiff's claims must fail because the plaintiff did not follow certain procedural prerequisites with respect to the ADEA, Title VII and Connecticut Law. The plaintiff responds that her Equal Employment Opportunities Commission ("EEOC") charge and "right to sue" letter meet all procedural prerequisites for her claims and, therefore, the defendant's motion to dismiss should be denied. The defendant also argues that the plaintiff's ADA claim must fail because the alleged discrimination predates the effective date of the Americans with Disabilities Act. For the reasons that follow, the defendant's motion should be **GRANTED.**

### I. *Date of Termination*

It is evident that the defendant's actions have created some ambiguity with regard to the plaintiff's termination date. The defendant argues that the effective date of the plaintiff's termination was January 24, 1992, and, in the alternative, that it was February 28, 1992, a date to which the plaintiff refers in her charge letter to the EEOC. The plaintiff, on the other hand, argues that she received final notice of her termination from the defendant's letter of June 4, 1992. In that letter the defendant stated, in relevant part, as follows:

Thank you for agreeing to a review of your medical condition by Dr. Licht. Dr. Licht has indicated to me that in his opinion you are able to perform normal secretarial duties. He further stated that you would furnish him with medical findings from other physicians to substantiate a disability claim. To date you have not furnished any medical records.

At this time, it is reasonable to assume that you are not disabled. Your termination due to lack of work will be effective 1–24–92. Next week I will be sending you some forms to complete your termination from Hughes Danbury Optical Systems.

■ A number of communications between the plaintiff and the defendant, which culminated in the letter of June 4, 1992, informed the plaintiff that she would be terminated from the defendant's employ. The courts have recognized that the time period of for age discrimination claims "begins to run when 'the employee knows, or as a reasonable person should know, that the employer has made a final decision to terminate him, and the employee ceases to render further services to the employer.'" *Downie v. Electric Boat Division*, 504 F.Supp. 1082, 1084 (D.Conn.1980) (citing *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 192 (3d Cir. 1977)). In the June 4, 1992 letter, the defendant refers to a January termination date, but also states that the plaintiff will be considered terminated due to Doctor Licht's findings and that in order to *complete* her termination, the plaintiff will have to fill out certain forms. From this language, it was reasonable for the plaintiff to have assumed, prior to receipt of this letter, that she might remain an employee of the defendant company, eligible for disability leave. At this stage of the pleadings, the court takes as true the plaintiff's assertion that the June 4, 1992 letter was her final notice of termination. Viewing, as it must, the evidence in the light most favorable to the non-moving party, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bishop v. Wood*, 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2079 n. 11, 48 L.Ed.2d 684 (1976), the court concludes, for purposes of this motion to dismiss, that the plaintiff was given un-

equivocal notice of her termination on June 4, 1992.

## II. *ADEA and Title VII*

■ The Court of Appeals for the Second Circuit has stated that, "[t]he filing requirement of the ADEA was to a large extent modeled after the filing provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1988)." *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1055–56 (2d Cir.1990) (holding that the "single filing rule" for those who join as plaintiffs in Title VII actions is also available under the ADEA) (citing *EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 123–24, 108 S.Ct. 1666, 1675–76, 100 L.Ed.2d 96 (1988)). Indeed, both the ADEA and Title VII provide identical time periods for the filing of discrimination charges with the EEOC.[1] The Second Circuit has further recognized that "[a]lthough § 14(b) of the ADEA, 29 U.S.C. § 633(b) (1976), requires a claimant to file a complaint with the appropriate state agency before proceeding in a federal court, *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), the section is to be construed to accord with the similar requirements of § 706(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(c) (1976), 441 U.S. at 756, 99 S.Ct. at 2071." *Goodman v. Heublein, Inc.*, 645 F.2d 127, 131 (2d Cir. 1981). Accordingly, the court will consider the procedural requirements of the ADEA in conjunction with those of Title VII.

As a prerequisite to filing a civil action under the ADEA, a claimant must file a charge of unlawful discrimination with the EEOC. 29 U.S.C. § 626(d). The time period in which a claimant must file the EEOC charge depends upon the state in which the allegedly unlawful acts occurred. Section 626(d) of Title 29, provides, in relevant part, as follows:

[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred; or

(2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Subsections one and two provide different filing periods for deferral and non-deferral states. If the state has enacted "a law prohibiting discrimination in employment because of age ..." and has established or authorized "a State authority to grant or seek relief from such discriminatory practice," 29 U.S.C. § 633(b), it is known as a "deferral state." *See Howlett v. Holiday Inns, Inc.*, 49 F.3d 189 (6th Cir.1995). Section 626(d)(1) provides 180 days for filing an EEOC charge in a non-deferral state. With respect to deferral states, section 626(d)(2) provides a 300 day time period for filing a charge with the EEOC. In addition, section 633(b) provides that "no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under state law, unless such proceedings have been earlier terminated." 29 U.S.C. 633(b). In the instant action, the alleged discrimination occurred in Connecticut, a deferral state subject to the provisions of section 626(d)(2).[2]

Similar to the filing provisions of the ADEA, Title VII requires that a claimant file a charge with the EEOC "within one hundred and eighty days after the alleged unlaw-

---

**1.** The filing requirements of the ADEA and Title VII differ, however, in the respect that the ADEA imposes no sequential filing requirement. *Brodsky v. City University of New York*, 56 F.3d 8, 9 (2d Cir.1995). In deferral states, the ADEA provides that the state and EEOC filings may be simultaneous, while under Title VII, claimants are required to file first with the state. *Id.; but see supra, Love v. Pullman*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972) (holding

that when a claimant files first with the EEOC, the EEOC may effect filing with the state on the claimant's behalf).

**2.** Connecticut law authorizes the Connecticut Commission on Human Rights and Opportunities (CCHRO) to grant or seek relief from discriminatory practices.

ful employment practice occurred . . . ," 42 U.S.C. 2000e–5(e). The act also provides an exception for filing after the 180 day period if "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice. . . ." *Id.* The exception, like that in the parallel ADEA provision, provides a claimant in a deferral state with a 300 day time period in which to file with the EEOC. Further, section 2000e–5(c) provides that in deferral states, "no charge may be filed under subsection [ (b) ] by the person aggrieved before the expiration of sixty days after proceedings have been commenced under State or local law, unless such proceedings have been earlier terminated. . . ." 42 U.S.C. § 2000e–5(c).

**▆** The plaintiff filed her charge with the EEOC in December, 1992.[3] Between June 4, 1992 and December 21, 1992, giving the plaintiff the benefit of the doubt, a period of 200 days passed, and, therefore, the plaintiff failed to satisfy the 180 day requirement of .29 U.S.C. § 626(d)(1) and 42 U.S.C. § 2000e–5(e). Consequently, in order to properly maintain her ADEA and Title VII claims, the plaintiff must to be afforded the extended 300 day filing period of those sections. The issue to be resolved is whether the plaintiff's failure to file a claim with the CCHRO prevents her from taking advantage of this ex-

tended time frame. The defendant argues that the 300 day provision only applies if the plaintiff has filed a state claim with the CCHRO.[4] The plaintiff responds that in a deferral state, like Connecticut,[5] the plaintiff automatically enjoys the benefit of the 300 day filing period without having filed a claim with the CCHRO. The court agrees with the defendant and, therefore, the within motion to dismiss should be granted.

The plain language of both the ADEA and Title VII, requires some state filing for purposes of the extended 300 day EEOC filing period in deferral states.[6] Indeed, the Supreme Court held that neither the 300 day provision "nor anything else in the legislative history contains any 'suggestion that complainants in some states were to be allowed to proceed with less diligence than those in other states.'" *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2494, 65 L.Ed.2d 532 (1980) (citing *Moore v. Sunbeam Corp.,* 459 F.2d 811, 825 n. 35 (7th Cir.1972)). The Supreme Court further noted that the legislative history of Title VII's extended filing period "identifies only one reason for treating workers in deferral States different from workers in other states: to give state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." *Mohasco,* 447 U.S. at

---

**3.** The defendant argues that the plaintiff filed her charge with the EEOC on December 29, 1992, the date file stamped on her charge letter. The plaintiff, on the other hand, argues that she should be given credit from December 21, 1992, the date on which her charge was mailed. Because the court concludes that the plaintiff's termination date was June 4, 1992, however, whether the plaintiff filed with the EEOC on December 21 or December 29, has no effect on the time periods of section 626(d).

**4.** The parties do not dispute the fact that the plaintiff never filed a claim with the CCHRO.

**5.** *See supra* note 2.

**6.** The Second Circuit has recognized that in ADEA cases "no federal action may proceed unless a state proceeding has been commenced." *Reinhard v. Fairfield,* 707 F.2d 697, 699 (2d Cir.1983) (citing *Oscar Mayer,* 441 U.S. at 754–58, 99 S.Ct. at 2070–73); *see also Realmuto v. Yellow Freight System, Inc.,* 712 F.Supp. 287, 290

(E.D.N.Y.1989) (citing *Reinhard* for the proposition that claimants in deferral states must file with their state agency in addition to the EEOC). In *Reinhard,* the court recognized that filing with the state may be simultaneous with or subsequent to both the EEOC and federal court filings. *Reinhard,* 707 F.2d at 700. *See infra* note 8 and accompanying text. "[B]efore filing a civil action, ADEA plaintiffs in deferral jurisdictions must file with the EEOC within 300 days and with the state antidiscrimination agency 60 days before expiration of the statute of limitations." *Brodsky v. City University of New York,* 56 F.3d 8, 10 (2d Cir.1995) (citing *Reinhard,* 707 F.2d at 700–01).

In Title VII cases, the complainant must file initially with the state agency. 42 U.S.C. § 2000e–5(e); *Mohasco Corp. v. Silver,* 447 U.S. 807, 815–16, 100 S.Ct. 2486, 2491–92, 65 L.Ed.2d 532. In *Mohasco,* the Court recognized that the complainant should file with the EEOC "within 240 days of the alleged discriminatory employment practice in order to ensure that his federal rights will be preserved." *Id.* at 814 n. 16, 100 S.Ct. at 2491 n. 16.

821, 100 S.Ct. at 2495. In the instant case there is no evidence that state proceedings have ever been commenced.

▮ The courts have interpreted the filing requirements of the ADEA and Title VII to provide claimants a certain amount of flexibility with respect to state filing. For instance, the courts have recognized that in a deferral state, a Title VII claimant is not limited by the 180 day period for filing with the state agency. *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 n. 19, 100 S.Ct. 2486, 2492 n. 19, 65 L.Ed.2d 532 (1980) (holding that "Congress included no express requirement that state proceedings be initiated by any specific date"); *Doski v. M. Goldseker Co.*, 539 F.2d 1326, 1330–32 (4th Cir.1976). Further, with respect to the ADEA, the courts have held that " 'ADEA grievants may file with the state before or after they file with the [EEOC].' " *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F.2d 697, 700 (2d Cir.1983) (citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 762, 99 S.Ct. 2066, 2074–75, 60 L.Ed.2d 609 (1979)).[7]

With respect to both the ADEA and Title VII, the courts have further qualified the state filing requirement. Even where a claimant does not file a charge with the state and instead files directly with the EEOC, the Supreme Court recognized that EEOC procedures may effect filing with the local state agency. *Love v. Pullman*, 404 U.S. 522, 526, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). In *Love*, the plaintiff, after two complaints to

the state agency, filed a charge with the EEOC. *Id.* at 523, 92 S.Ct. at 617. The EEOC then orally advised the state agency of the complaint and the state waived the opportunity to pursue the plaintiff's claim. *Id.* at 524, 92 S.Ct. at 617–18. The Court held that "the filing procedure followed ... fully complied with the intent of [Title VII]," and found nothing improper with the EEOC's, rather than the claimant's, initiation of the state action. *Id.* at 525, 92 S.Ct. at 618.[8]

The courts have cited *Love* in the context of both Title VII and the ADEA for the proposition that in deferral states, the EEOC can effectuate state filing on behalf of the complainant. *Mohasco Corp. v. Silver*, 447 U.S. 807, 816, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980) (Title VII); *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 541 (S.D.N.Y.1989) (ADEA); *Torriero v. Olin Corp.*, 684 F.Supp. 1165, 1169–70 (S.D.N.Y. 1988) (Title VII); *Kaczor v. City of Buffalo*, 657 F.Supp. 441, 445 (W.D.N.Y.1987) (ADEA).

The plaintiff cites cases in the Third, Sixth and Eleventh Circuits for the proposition that the failure to file a timely state claim does not preclude her from a 300 day EEOC filing period. *See Rasimas v. Michigan Department of Mental Health*, 714 F.2d 614 (6th Cir.1983); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208 (3d Cir.1984); *Thomas v. Florida Power & Light Co.*, 764 F.2d 768 (11th Cir.1985). In those cases,

---

7. The 300 day exception, "by its terms, specifies only the time within which a charge may be filed with the EEOC; it does not mention the institution of state proceedings, and there is no requirement therein or elsewhere that the filing of a charge with a state agency precede the filing of a charge with the EEOC." *Reinhard*, 707 F.2d at 700. Therefore, with respect to the ADEA, the 300 day filing period of section 626(d) does not "restrict[ ] the commencement of state proceedings." *Id.* (holding that the plaintiff's state filing, commenced after both the EEOC and federal court filings, was sufficient for purposes of the ADEA's extended filing provision); *see also Donahue v. Pendleton Woolen Mills, Inc.*, 719 F.Supp. 149, 152 (S.D.N.Y.1988); *Realmuto v. Yellow Freight System, Inc.*, 712 F.Supp. 287, 290 (E.D.N.Y.1989).

8. In a deferral state, a charge of discrimination is not deemed to be officially filed with the EEOC until "sixty days after proceedings have been commenced under the state or local law, unless such proceedings have been earlier terminated...." 42 U.S.C. § 2000e–5(c); *Goodman v. Heublein, Inc.*, 645 F.2d 127, 132 (2d Cir.1981). In an effort to assist claimants in complying with the deferral requirement, "the EEOC will transmit to the state agency any claim which it receives from individuals who do not file first with the state agency...." *Selzer v. Board of Education of the City of New York*, 113 F.R.D. 165, 167 n. 3 (S.D.N.Y.1986) (citing *Love*, 404 U.S. at 526, 92 S.Ct. at 618–19.). In effect, the EEOC holds the claim "in suspended animation" until the sixty day deferral period is over, "at which time the claim is automatically deemed filed with the EEOC." *Selzer v. Board of Educ. of City of New York*, 113 F.R.D. 165, 167 n. 3 (S.D.N.Y. 1986) (citing *Love*, 404 U.S. at 526, 92 S.Ct. at 618–19).

however, the circuit courts merely recognized that a claimant need not file within the state limitations period; the courts did not hold that a claimant in a deferral state may enjoy the 300 day extended filing period without having filed with the local state agency at all. *See Thomas,* 764 F.2d at 771 (holding that a claimant in a deferral state need not institute state agency proceedings *within the state limitations period* in order to take advantage of the 300 day filing period and could maintain a federal action where the charge was filed within 272 and 278 days with the state and the EEOC, respectively); *Howze,* 750 F.2d at 1211 (holding that a question of fact regarding the termination of local state proceedings precluded the court from granting summary judgment, but recognizing that the 300 day filing period applies if the claimant initiated proceedings with the state agency); *Rasimas,* 714 F.2d at 622 (holding that in a deferral state, claimants are not required to file a *timely* charge under state law before the 300 day period applies; "[a]ll that is required is that a filing with the state agency be made with sufficient time to allow an effective filing with the EEOC within 300 days after the discriminatory act"); *see also Reinhard v. Fairfield Maxwell, Ltd.,* 707 F.2d 697, 700 (2d Cir.1983) (holding that the 300 day filing period of the ADEA does not restrict the commencement of state proceedings where the plaintiff filed with the local state agency after he filed with the EEOC and the federal court).

In the instant action, there is not a question of whether the state filing was timely; there was no state filing. The plaintiff has failed to cite a case standing for the proposition that a claimant in a deferral state should enjoy the benefit of the 300 day filing period, under the ADEA or Title VII, regardless of whether a state charge was ever filed. Indeed, such an interpretation would be counter to the recognized purpose of Title VII's extended filing period; "to give state agencies an opportunity to redress the evil at which the federal legislation was aimed ...," *Mohasco,* 447 U.S. at 821, 100 S.Ct. at 2495, and contrary to Second Circuit authority with respect to the ADEA. *See Reinhard v. Fairfield,* 707 F.2d 697, 699 (2d Cir.1983) (citing *Oscar Mayer,* 441 U.S. at 754–58, 99 S.Ct. at 2070–73) (holding that "no federal action may proceed unless a state proceeding has been commenced"); *see also Brodsky v. City University of New York,* 56 F.3d 8, 10 (2d Cir.1995). There is no evidence that the CCHRO was ever notified of the plaintiff's claims and, therefore, never had the opportunity to act. Although, as noted, the courts have recognized that the EEOC may effectuate state filing on behalf of the claimant,[9] in the instant case, there are no facts tending to indicate that the EEOC notified the CCHRO of the plaintiff's charges. Therefore, the Supreme Court's approval of the EEOC practice of referring charges to state agencies has no effect in this case where there is no proof that the CCHRO ever had the opportunity to grant or seek relief from the alleged discrimination.

With respect to the plaintiff's Title VII claims, the defendant's motion to dismiss should be granted without prejudice to the plaintiff's filing, within thirty days, of a motion for reconsideration with evidence tending to prove that the CCHRO was notified of the plaintiff's claims within 240 days[10] of her termination. Further, with respect to the plaintiff's ADEA claim, the defendant's motion should be granted without prejudice to the plaintiff's filing, within thirty days, of evidence tending to prove that some state filing has taken place.

## III. *ADA*

The defendant argues that the plaintiff's ADA claim should be dismissed because the

---

**9.** *See Love v. Pullman,* 404 U.S. 522, 526, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972); *Mohasco Corp. v. Silver,* 447 U.S. 807, 816, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980) (Title VII claim); *Wanamaker v. Columbian Rope Co.,* 713 F.Supp. 533, 541 (S.D.N.Y.1989) (ADEA claim); *Torriero v. Olin Corp.,* 684 F.Supp. 1165, 1169–70 (S.D.N.Y.1988) (Title VII claim); *Kaczor v. City of Buffalo,* 657 F.Supp. 441, 445 (W.D.N.Y.

1987) (ADEA claim). In those cases, however, the courts had some proof that the EEOC sent notice of the claim to the state agency and, therefore, that state agency had the opportunity to act.

**10.** *See Mohasco,* 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16.

alleged discriminatory conduct occurred before the effective date of the Act. The effective date of the ADA is July 26, 1992, and the discrimination upon which the plaintiff's claims are based occurred, at the latest, on June 4, 1992. Further, the plaintiff has not responded to the defendant's arguments with respect to the ADA claim. Accordingly, the defendant's motion to dismiss the plaintiff's ADA claim is granted absent objection.

## IV. *Pendent State Claims*

The complaint also lists a "pendent claim" for violation of various state discrimination statutes. The defendant argues that a condition precedent to suit under the Connecticut discrimination statutes is a charge with the CCHRO. The plaintiff responds that the Connecticut statutes do not require such a filing. With respect to the pendent state claims, however, the court does not reach the merits of these arguments. At this time, and unless and until the plaintiff proves that the CCHRO had an opportunity to consider her claims of discrimination, no federal claims remain in this case. Consequently, the court declines to exercise pendent jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c)(3) (1994) (codifying *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966)); *see also Tolliver v. Xerox Corp.,* 918 F.2d 1052, 1060 (2d Cir.1990); *Cerbone v. Intl. Ladies' Garment Workers' Union,* 768 F.2d 45, 50 n. 5 (2d Cir.1985).

### CONCLUSION

For all the foregoing reasons, the defendants' motion for summary judgment (document no. 23) should be **GRANTED without prejudice.**

Either party may seek review of this report and recommendation as provided in 28 U.S.C. § 636(b) (written objections to recommended ruling must be filed within ten days of service of the same); Fed.R.Civ.P. 6(a), 6(e), & 72; and Rule 2 of the Local Rules for United States Magistrate Judges (D.Conn.). Failure to object in a timely manner may preclude further review. *Small v. Secretary*

*of Health and Human Services.,* 892 F.2d 15, 16 (2d Cir.1989).

Dated Oct. 24, 1995