OPINION OF THE COURT
Arthur D. Spatt, J.
This motion by the plaintiff for an order, pursuant to CPLR 3211 (subd [b]), dismissing the defenses contained in the. answer in paragraphs numbered 33 and 34 on the ground that said defenses have no merit, are insufficient and are inapplicable to plaintiff’s cause of action, is determined as set forth below.
This is an action to recover damages based on alleged violations of article 15 of the Executive Law of the State of New York (also known as the Human Rights Law) for wrongful discharge because of refusal to accede to sexual advances and sexual assault and battery. The factual assertions in the complaint allege that plaintiff was employed by defendants Technical Aid Corporation and Tac/Temps as a salesperson; was sexually harassed by defendant Curtis Stern, her immediate superior, culminating in her wrongful discharge “as a result of plaintiff’s refusal to submit to defendant’s constant sexual harassment and advances”.
*24 In his affirmation in opposition, defendant’s counsel does not address the specific issues of the sufficiency of their two defenses here at issue. Instead, the defendants attack plaintiff’s causes of action in chief in that they contend that (1) no action for damages under section 296 of the Executive Law can be brought for “sexual harassment” or “abusive discharge” or for refusing to accede to Stern’s sexual overtures; (2) the complaint contains no allegation that the defendants Technical Aid Corporation and Tac/Temps are responsible for Stern’s acts; and (3) there are no allegations in the complaint that plaintiff complained to Stern’s superiors about Stern’s alleged sexual overtures.
While defendants’ assertions as to the purported insufficiency of the plaintiff’s causes of action may properly be the subject of a motion by defendants to dismiss or for summary judgment, these arguments do not serve to sustain the sufficiency of the subject defenses.

As To The Defense That Plaintiff Has Failed To Exhaust Statutory And Administrative Remedies (Paragraph 33 Of The Answer)

The relevant provisions of subdivision 9 of section 297 of the Executive Law read as follows: “9. Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights, or with the superintendent pursuant to the provisions of section two hundred ninety-six-a of this chapter, provided that, where the division has dismissed such complaint on the grounds of administrative convenience, such person shall maintain all rights to bring suit as if no complaint had been filed.”
It is clear by the express terms of the statute and the cases interpreting this provision that an aggrieved person has an election of remedies available to her and she may pursue her grievance through either the administrative or the judicial forums. Stated simply, the remedies are mutually exclusive. (State Div. of Human Rights v Commissioner of N. Y. State Dept. of Civ. Serv., 57 AD2d 699; *25 Matter of Kramarsky v City of New York Police Dept., 90 Misc 2d 733.)
In Matter of State Div. of Human Rights v Luppino (35 AD2d 107, 110-111, affd 29 NY2d 558) Justice Martuscello states the rule as follows:
“Subdivision 9 of section 297 of the Executive Law further provides that where a person has filed a complaint with the Division of Human Rights he is precluded from bringing an action in court on that same claim. The section goes on to state that where a person has commenced an action in court on a claim of discrimination he is precluded from seeking administrative relief from the Division of Human Rights.
“I am of the opinion that in enacting section 297 (subd. 4, par. c, clause [iii]; and subd. 9) of the Executive Law, the Legislature intended to give individuals a choice. They could either elect to sue in court and recover all damages which they could establish, including mental anguish, or they could elect to seek administrative relief under the Human Rights Law (Executive Law, art. 15). By electing to seek this latter relief, complainants may obtain directives and orders which will benefit both themselves and others in their position, but they limit their recovery for damages to actual out-of-pocket expenses.”
In this case, it is unrefuted that plaintiff has elected to proceed by way of the courts rather than through the administrative body and has the absolute right to do so without requirement that she exhaust any administrative remedies. Therefore, the defense alleged in paragraph 33 of the answer is insufficient in law, and is dismissed.

As To The Defense That Section 296 Of The Executive Law And Title 7

*

 Of The Civil Rights Act Do Not Authorize The Filing Of An Action For Damages In Court (Paragraph 34 Of The Answer)

A review of the complaint reveals that title 7 of the Civil Rights Act of 1964, as amended (US Code, tit 42, § 2000e et *26 seq.), is referred to in paragraph 17 of the second cause of action, as setting forth the policy of the United States Congress to the effect that “no individual should be subjected to discrimination based on sex in employment and that there should be equality of employment opportunity by persons of both sexes”.
In the same paragraph, plaintiff also alleges that section 296 of the Executive Law also similarly codifies the policy of the State of New York. Section 296 (subd 1, par [a]) of the Executive Law defines “unlawful discriminatory practices” as follows:
“1. It shall be an unlawful discriminatory practice:
“(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.”
As reviewed above, subdivision 9 of section 297 of the Executive Law specifically provides statutory authority for the filing of an action for damages in court unless a party has already filed an administrative complaint. Since the plaintiff has not brought this cause of action under title 7 of the Civil Rights Act, and is entitled to sue under subdivision 9 of section 297 of the Executive Law with regard to an “unlawful discriminatory practice” as is defined in section 296 (subd 1, par [a]) of the Executive Law, the question of whether section 296 or title 7 authorizes the filing of an action, is irrelevant. Accordingly, plaintiff’s motion to dismiss the defense set forth in paragraph 34 of the answer is granted.

 While the complaint and the motion papers refer to a title 7, the actual section appears to be subchapter 6 — Equal Employment Opportunities (US Code, tit 42, § 2000e et seq.). To avoid confusion, the court will use the term “title 7”.