Michael GALLAGHER, Plaintiff,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS; J.J. Barry, as President of the International Brotherhood of Electrical Workers; IBEW Local Union No. 43, Finger Lakes N.Y. Chapter of the National Electrical Contractor Association, Inc., Burns Electric Co., Inc.; Ridley Electric, and Syracuse Merit Electric, Inc., Defendants.

No. 00–CV–1161.

United States District Court, N.D. New York.

Dec. 18, 2000.

Michael Gallagher, Lincoln Park, MI, Pro se.

Chamberlain, D'Amanda, Oppenhimer & Greenfield (Mairead E. Connor, of counsel), Syracuse, NY, for defendants International Brotherhood of Electrical Workers and J.J. Barry, President of the International Brotherhood of Electrical Workers.

Blitman & King LLP (Kenneth L. Wagner, Jodi P. Goldman, of counsel), Syracuse, NY, for defendant IBEW Local 43.

Mc Mahon, Kublick, Mc Ginty & Smith, P.C. (Jan S. Kublick, of counsel), Syracuse, NY, for Finger Lakes N.Y. Chapter of the National Electrical Contractors Association and Burns Electric Co., Inc.

Menter, Rudin & Trivelpiece, P.C. (Robert Silkey, of counsel), Syracuse, NY, for Syracuse Merit Electric, Inc.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### BACKGROUND

The International Brotherhood of Electrical Workers ("IBEW") and IBEW Local

43 are labor unions. J.J. Barry is the International President of the IBEW. Plaintiff is a member of Local 43 (Complaint ¶¶ 6, 7, 8, 22). Local 43 is the signer of a collective bargaining agreement with the Finger Lakes N.Y. Chapter of the National Electrical Contractors Association, Inc. ("Finger Lakes NECA") (Complaint ¶ 25). Electrical contractors are bound by the conditions of the collective bargaining agreement either by being a member of the Finger Lakes NECA or by signing a letter of assent agreeing to be bound by the terms of the agreement. The collective bargaining agreement recognizes Local 43 "as sole and exclusive representative of all ... employees performing work within the jurisdiction of [Local 43] for the purposes of collective bargaining with respect to rates of pay, wages, hours of employment and other conditions of employment." (Defs.' Ex. A at § 2.06, p. 4). Under the terms of collective bargaining agreement, Local 43 runs an exclusive hiring hall that refers union members for employment with signatory electrical contractors. (Complaint ¶ 24, Defs.' Ex. A at Article IV, p. 17). Plaintiff has obtained employment through the Local 43 hiring hall. (Complaint ¶¶ 24, 31, 34).

The collective bargaining agreement allegedly allows contractors to request employees from Local 43's hiring hall who possess special skills. The agreement purportedly also permits Local 43 members classified as "foreman" to receive preferential consideration over members who are not so classified. (Complaint ¶ 30). The complaint asserts that the effect of these [two] provisions ... is to allow [Local 43] and the electrical contractors ... to undermine the fairness of the referral procedure and to discriminate against members on the basis of age. (Complaint ¶ 30).

Plaintiff claims that the defendants engaged in unlawful discriminatory practices relating to his employment through patterns and practices of failing, because of his age, to refer him for employment to positions for which he was fully qualified, by permitting electrical contractors to request younger workers in preference to older workers, to layoff older workers before younger workers, by negotiation and administering a collective bargaining agreement that enabled the union and electrical contractors to discriminate on the basis of age, and by retaliating against him for attempting to oppose these discriminatory practices. (Complaint ¶ 3). Plaintiff further states that defendant Local 43 is the agent of defendants IBEW and J.J. Barry and, therefore, liable for any of its agent's acts. (Complaint ¶ 37).

On March 3, 1997, plaintiff filed a grievance against several electrical contractors asserting that they were laying off employees based on age. Plaintiff was represented by Local 43. After his grievance was rejected, plaintiff maintains that Local 43 removed him from the referral list for a period of time in retaliation for filing his grievance. (Complaint ¶¶ 34, 35).

On November 17, 1997, plaintiff filed an age discrimination complaint with the New York State Division of Human Rights ("NYSDHR") naming Local 43, Finger Lakes NECA and fourteen electrical contractors as respondents. The complaint was also filed with the Equal Employment Opportunity Commission ("EEOC") pursuant to a work sharing agreement between the EEOC and the NYSDHR. An amended complaint filed on January 22, 1998, named Local 43, Finger Lakes NECA, and three electrical contractors as respondents. Neither complaint named the IBEW or J.J. Barry as a respondent. On May 4, 2000, plaintiff was issued a right-to-sue letter by the EEOC. The right-to-sue letter adopted the finding by the NYSDHR that there was no probable cause to believe that Local 43 discriminated against plaintiff because of his age. (Defs.' Ex. D). This action was commenced on July 28, 2000 when plaintiff filed a complaint alleging violations of the Age Discrimination in Employment ("ADA") 29 U.S.C. § 621 et. seq., and New York Executive Law § 296 et seq. The complaint seeks doubled com-

pensatory damages, injunctive relief, costs and attorneys' fees.

■ Currently before the court is a motion made by the International defendants for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff has entered opposition to this motion. The court notes that plaintiff appears *pro se* and the court is required to review *pro se* complaints more liberally than those prepared by an attorney, and should be especially hesitant to dismiss for procedural deficiencies where that failure is by a *pro se* litigant. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998).

## DISCUSSION

■ A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is analyzed under the same standard applicable to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Consequently, judgment on the pleading is appropriate only if, after drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that the moving party is entitled to judgment as a matter of law. *United States v. Weisz,* 914 F.Supp. 1050, 1052 (S.D.N.Y. 1996). In deciding a motion for judgment on the pleadings, a court may consider the factual allegations in the complaint, which are accepted as true, documents attached to the complaint as an exhibit or incorporated by reference, matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit. *Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

A finding that plaintiff has had notice of documents used by defendants in support of their motion for judgment on the pleadings is significant since the problem that usually arises when a court reviews statements extraneous to a complaint is the lack of notice to the plaintiff that they may be considered. To meet this notice requirement, 12(c) motions are often converted into summary judgment motions. However, when plaintiff has actual notice of all the information in the movant's papers, and has relied on these papers in framing the complaint the necessity for turning the Rule 12(c) motion into one under Rule 56 is absent.

In support of their motion, the International defendants have submitted copies of the IBEW/NECA collective bargaining agreement (Exhibit A), the charges file by plaintiff with the EEOC (Exhibits B and C), and the right-to-sue letter issued to plaintiff by the EEOC. These defendants maintain that plaintiff did not attach these documents to the complaint even though he relied upon their content in instituting this lawsuit by alleging that several paragraphs of the collective bargaining agreement were used by the IBEW and Local 43 to discriminate against him because of his age, (Complaint ¶¶ 25–30), and to establish jurisdictional requisites to instituting this action, by alleging that he had filed a charge with the EEOC, (Complaint ¶¶ 17–18), and was issued a right-to-sue letter by the EEOC (Complaint ¶ 19).

Plaintiff does not deny that he had notice of these documents. Although these documents were not attached to plaintiff's complaint, the court finds that they are documents of which plaintiff had notice, and upon which plaintiff relied upon in bringing this action. Therefore, they may properly be considered by the court on a Rule 12(b) motion for judgment on the pleadings. *Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

The International defendants contend that plaintiff's claim against it must be dismissed because the IBEW was not named in a charge filed with the EEOC or

the NYSDHR. In *Vital v. Interfaith Medical Center*, 168 F.3d 615, the Second Circuit Court of Appeals held that a Title VII or ADEA complainant must first file a charge against a party with the EEOC or an authorized state agency before the complainant can sue that part in federal court. *Id.* at 619 (citing 42 U.S.C. § 2000e(f)(1)). The object of this requirement is "to notify the charged party of the alleged violation and also [to] bring the party before the EEOC, making possible effectuation of its primary goal of securing voluntary compliance with its mandates." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134, (1982).

■ The Circuit further held that because the administrative charges are generally filed by parties not versed in the vagaries of Title VII or the ADEA and its jurisdictional and pleading requirements, the courts recognize an exception to the exhaustion rule which permits a Title VII or ADEA action to proceed against an unnamed party "where there is clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir.1991). The following four factors must be considered by the court in deciding whether an identity of interests exists:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

2) whether, under the circumstances, the interests of a [named] party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson v. Palma*, 931 F.2d at 209–10, (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977)).

Because it is undisputed that plaintiff failed to file an administrative complaint against the International defendants with the NYSDHR or the EEOC and that the EEOC did not mention these defendants in its Determination and Right–to–Sue letter, the court will apply the above factors to the instant case.

■ Applying the four factors here, it is clear that the identity of interest exception does not save plaintiff's ADEA claim. First, plaintiff cannot argue that at the time of his initial EEOC filing he did not know of what role he considered the International defendants played in the alleged misconduct of the other defendants. Namely, that defendant Local 43 was the agent of the International defendants and liable for the acts of its agent. Plaintiff alleges that he was discriminated against over a ten year period, and three years have elapsed since he filed his initial administrative charge. If the International defendants had participated in the discriminatory actions alleged in this case, plaintiff would have undoubtedly been able to discern it at some point during this thirteen year period. Second, the interests of the International defendants and the other defendants are sufficiently disparate that the International defendants' participation would be necessary to voluntary conciliation. The complaint's allegations are concerned with the operation of a hiring hall, and certain provisions in the collective bargaining agreement. Local 43 operates the hiring hall and the International defendants are not party to the collective bargaining agreement. The focus of the complaint is the relationship between plaintiff and defendants Local 43 and the electrical contractors, the International defendants were not part of this nexus. Third, the

absence of the International defendants from the administrative proceedings has prejudiced them, since they have not been provided the opportunity to set forth their position that they had no involvement in the alleged discriminatory administration of the collective bargaining agreement, and, furthermore, that they were not vicariously liable for the conduct of their affiliated unions. Fourth, plaintiff does not allege that the International defendants represented to him that his relationship with them would be through the named party, defendant Local 43.

Plaintiff's failure to name the International defendants in his administrative charge bars his ADEA claim against them.

The complaint in this action alleges no specific acts of wrongdoing on the part of the International defendants, paragraph 37 merely asserts that the defendant union (Local 43) is the agent of the defendant IBEW (the International defendants) and the IBEW is liable for any acts of its agents.

■ "An international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts." *Phelan v. Local 305, United Association of Journeymen*, 973 F.2d 1050, 1061 (2d Cir.1992), *cert. denied*, 507 U.S. 972, 113 S.Ct. 1415, 122 L.Ed.2d 785 (1993) (citing *Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 217–18, 100 S.Ct. 410, 414–15, 62 L.Ed.2d 394 (1979)). "Common law agency principles govern an international union's liability for actions of its local chapters or their officers." *Rodonich v. House Wreckers Union, Local 95*, 817 F.2d 967, 972–73 (2d Cir.1987). Thus, the International defendants can only be held liable for participating or acquiescing in the alleged discrimination scheme if, having knowledge of the material facts involved, they evidenced an intention to ratify the schemes. *Id.* The complaint contains no allegations that the International defendants controlled, authorized or otherwise ratified the act of defendant Local 43.

Without such allegations, the complaint fails to state a claim upon which relief may be granted against the International defendants.

The International defendants further propound that plaintiff's state and federal claims are barred by the applicable statutes of limitations. The complaint outlines a series of purported discriminatory conduct actions starting in 1989 and ending with plaintiff filing a charge with the National Labor Relations Board ("NLRB") on March 20, 1997. (Complaint ¶¶ 30–36). Plaintiff never filed a discrimination charge against the International defendants, but named them as defendants in this lawsuit, which he filed on July 28, 2000.

■ The New York Human Rights Law, Executive Law § 297, sets up an election of remedies procedure. Individuals seeking assuagement for employment discrimination under state law may either bring their claim in a proper court or file a complaint before the NYSDHR, but they may not do both. "Stated simply, the remedies are mutually exclusive." *West v. Technical Aid Corp.*, 111 Misc.2d 23, 24, 443 N.Y.S.2d 318, (1981). Construing the state statute and the AEDA literally, their combined effect means that a plaintiff may not bring a court action alleging both federal and state age discrimination claims. The exception to this rule is that under N.Y.Exec. Law § 297(9) a plaintiff is not barred from bringing a later court action on a state law claim if his NYSDHR complaint has been dismissed "on the grounds of administrative convenience."

If a person elects to file a complaint with the NYSDHR, it must be filed within one year of the alleged unlawful discriminatory conduct. N.Y.Exec.Law § 297(5). If the person chooses instead to institute legal proceedings, the suit must be commenced within three years of the unlawful discriminatory conduct. N.Y.Civ.Prac.L. & R. § 214(2). Plaintiff's claim under the New York Human Rights Law is barred because he failed to file a charge against the International defendants within one year

of the alleged transgression, or file the case at bar within three years thereof.

Prior to initiating an ADEA legal proceeding, the plaintiff must file a charge with the EEOC 29 U.S.C. § 626(d)(10–(2)). There are two limitation periods for filing the charge with the EEOC, 300 days if it is filed in a state that has its own age discrimination remedial agency, a "deferral state," 180 days if the state is without such an agency. 29 U.S.C. §§ 626(d)(1)–(2). New York is a deferral state under the ADEA because it has a law prohibiting age discrimination and the NYSDHR. *Brodsky v. City University of New York,* 56 F.3d 8, 9 (2d Cir.1995), and a complainant must file an EEOC charge within 300 days after the alleged discriminatory event. *Id.*

Since plaintiff failed to file his ADEA claim with the EEOC within three hundred days (300) of the alleged violation, this claim is time barred as against the International defeats.

Accordingly, the motion for judgment on the pleadings made by the International Brotherhood of Electrical Workers and J.J. Barry, as President of the International Brotherhood of Electrical Workers (the International defendants) is **GRANTED** and the complaint is **DISMISSED** as against these two defendants.

**IT IS SO ORDERED**